Ron DAUGHERTY

v.

The UNITED STATES.

No. 78–82T.

United States Claims Court.

Jan. 10, 1983.

Ron Daugherty, pro se.

Mary M. Abate, Washington, D.C., with whom was Asst. Atty. Gen. Glenn L. Archer, Jr., Washington, D.C., for defendant; Theodore D. Peyser, Washington, D.C., of counsel.

## ORDER

GIBSON, Judge:

Plaintiff's *pro se* petition in this matter seeks the refund of the portion of plaintiff's overpayment of federal income tax for the taxable year 1979 which was applied by the Internal Revenue Service (IRS) toward satisfaction of plaintiff's outstanding income tax deficiency for the taxable year 1977. Plaintiff also claims a credit for the *same* amount against his 1980 income tax and an additional credit against his 1980 tax on account of a so-called "inflation factor" adjustment in respect to his 1979 income tax. Defendant now motions for summary judgment on all plaintiff's claims, which is granted.

## DISCUSSION

Defendant's submissions establish the following essential facts.[1] Plaintiff filed a timely joint income tax return with his former wife for the taxable year 1977.[2] An uncontested deficiency of $286 with interest of $10.01 was assessed for that year on December 11, 1978. During 1979 plaintiff and/or his former wife made payments totalling $152, leaving an unpaid balance of $111.01 on the 1977 deficiency (after applying a certain credit) when plaintiff timely filed his own, individual income tax return for 1979 on January 28, 1980. The 1979 return reported, among other things, an overpayment of $557 which was accepted as accurate by the IRS. At plaintiff's request, the IRS applied $193.50 of the overpayment to satisfy plaintiff's 1978 tax deficiency, a tax year not in issue here, and $111.01 of the amount was credited to the remaining balance on the 1977 deficiency, leaving $252.49, which appropriately was refunded to plaintiff.

On line 65 of his 1979 return plaintiff also claimed a credit carryover against his 1980 estimated tax in the amount of $946. This was explained in a note attached to the return as resulting from the so-called "inflation factor" (15.7%) deduction from plaintiff's 1979 adjusted gross income, although the deduction was not in fact otherwise claimed in the determination of his 1979 tax. On his 1980 return, however, plaintiff reported a tax due of $2,055 and listed as payments toward that tax the $946 "inflation factor" adjustment from 1979 as well as the $111.01 portion of his 1979 overpayment which the IRS had already credited to the 1977 deficiency balance.[3]

---

1. Defendant's submissions pursuant to USCCR 56 are its motion, brief and a supporting affidavit. Twelve documents including copies of plaintiff's pertinent income tax returns, transcripts of plaintiff's yearly IRS account, plaintiff's correspondence with the IRS and other material from which the facts detailed here are taken, are appended to the affidavit.

Plaintiff's pleading and other submissions, including his "Answer to the United States Motion for Summary Judgment" consist of bare assertions and denials. USCCR 56(e) provides that where a party motions for summary judgment with supporting affidavits, the "adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule [depositions, answers to interrogatories], *must set forth specific facts showing that there is a genuine issue for trial.*" (Emphasis added). Plaintiff's response here clearly falls short of this requirement.

2. Plaintiff and his wife were apparently separated or divorced in 1978.

3. Because the IRS did not credit toward plaintiff's 1980 tax the so-called $946 "inflation factor" adjustment or the $111.01 portion of the 1979 overpayment which was previously applied to the 1977 deficiency, $1,057 of the reported $2,055 tax due for 1980 remained unpaid. As evidenced by the defendant's records, interest and penalties totalling $187.91 were assessed on July 20 and December 7, 1981, and plaintiff made a payment on his 1980 account of $546 on January 22, 1982. Additional interest and penalties of $58.89 were assessed on April 26, 1982, leaving an unpaid deficiency with regard to the 1980 return at the time defendant's motion was filed herein of $757.80. In his response plaintiff made an unsupported claim to have paid an additional $400 on that balance; however, this bare allegation is not evidenced by defendant's records. Even were the court to assume its accuracy, an unpaid

On July 16, 1980, plaintiff filed a timely claim respecting his 1977 tax year for refund of the $111.01 portion of the 1979 overpayment to which the IRS did not respond. Subsequently, plaintiff wrote a letter to the IRS on October 6, 1981, with respect to the so-called "inflation factor" credit of $946, which was treated as a claim for refund with regard to his 1980 return and which was denied on December 16, 1981. This suit was timely filed on February 12, 1982.

■ The first issue presented is whether the IRS had authority to credit the $111.01 portion of plaintiff's overpayment for 1979 to the outstanding 1977 deficiency. There is no question that this procedure is clearly authorized by § 6402(a) of the Internal Revenue Code[4] which states:

> In the case of any overpayment, the Secretary or his delegate, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person.

Plaintiff's only cogent argument in support of his claim to the $111.01 portion of the 1979 overpayment is that his former wife, with whom he filed the 1977 joint return on which the outstanding deficiency balance was due, should have been held *solely* liable for the amount. The court notes that on the Form 1902E (Report of Individual Income Tax Examination Changes) respecting the total 1977 income tax deficiency which only plaintiff signed in agreement with the $286 deficiency balance due, plaintiff made the notations "husband $143" and "wife $143" on the line indicating that balance. This perhaps was intended to indicate that plaintiff and his wife would each pay $143. The transcript of plaintiff's IRS account for

1977 shows payments totalling $152 prior to the credit of $111.01 from the 1979 overpayment, but does not indicate who made them. These facts, however, are immaterial since § 6013(d)(3) of the Code clearly provides that liability for the tax due on a return filed jointly by husband and wife is joint and several, and the Government can proceed against either the plaintiff or his then spouse or both of them collectively. *See In re Richmond,* 456 F.2d 458, 462 (3rd Cir. 1972).

■ Defendant has opted to treat plaintiff's 1979 return as a valid claim for refund with respect to taxes paid for that year. It is already determined that $111.01 of the undisputed $557 overpayment for that year was properly credited to plaintiff's 1977 deficiency. Another portion, $193.50, was applied as a credit at plaintiff's request to his 1978 deficiency. Defendant's records show that the balance of the overpayment was refunded to plaintiff. Plaintiff's bare denial of its receipt, however, does not constitute the "setting forth of specific facts showing ... a genuine issue for trial" as required by USCCR 56(e).[5] Therefore, the only possible remaining question for 1979 is that of the so-called "inflation factor" deduction claimed but not actually deducted on plaintiff's 1979 return. According to plaintiff's calculations, this should result in a $946 credit against his 1980 tax. Assuming a claim for a refund has been properly filed based on the so-called "inflation factor" deduction issue, it is clear that plaintiff is not entitled to recover. While the idea for such a deduction might seem intriguing, it clearly has no basis in federal tax law. In this connection, § 161 of the Code limits the deductions allowable in computing taxable income under § 63 to those provided by statute and no provision allowing a so-called "inflation factor" deduction is contained in the Code. In short, deductions

---

sum would still remain with respect to the 1980 tax year.

On line 65 of his 1980 return, plaintiff again claimed a credit against the *following year's* (1981) estimated tax based on a so-called 12.7% "inflation factor" deduction from his 1980 adjusted gross income.

4. All references are to the Internal Revenue Code of 1954, as amended, Title 26 U.S.C., unless otherwise indicated.

5. *See supra* note 1.

depend upon "legislative grace." *See Deputy v. du Pont,* 308 U.S. 488, 493, 60 S.Ct. 363, 366, 84 L.Ed. 416 (1940); *Meadowlawn Memorial Gardens, Inc. v. United States,* 225 Ct.Cl. 73, 99, 634 F.2d 1329, 1343 (1980).

Plaintiff's petition and "Answer" to defendant's motion for summary judgment also appear to ask this court to restrain collection of taxes assessed and still owed with respect to his 1980 taxable year.[6] Defendant properly points out that § 7421(a) of the Code, with exceptions not relevant here, prohibits suits "for the purpose of restraining the assessment or collection of any tax ...." To characterize plaintiff's request as a claim for refund of 1980 taxes paid would not avail him. The record shows that a balance is outstanding on a deficiency assessed for that year and this court has no jurisdiction to hear a refund claim until the deficiency assessed has been paid in full. *Flora v. United States,* 362 U.S. 145, 146, 80 S.Ct. 630, 631, 4 L.Ed.2d 623 (1960); *Tonasket v. United States,* 218 Ct.Cl. 709, 711–12, 590 F.2d 343 (1978).

## CONCLUSION

In view of the above, it is hereby ORDERED that defendant's motion for summary judgment be granted and final judgment be entered dismissing plaintiff's petition.

Costs to the prevailing party.