116 T.C. No. 13

UNITED STATES TAX COURT

KENNETH L. NORDTVEDT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 670-99.                         Filed March 13, 2001.

    P adjusted the basis in his retirement annuity by
an inflation factor, to take account of inflation
between the date of his contributions to the retirement
plan and the annuity starting date, for purposes of
calculating the amount of his pension annuity subject
to Federal income tax.  P further adjusted the basis in
his retirement annuity to account for expected
inflation over his actuarial life for purposes of
calculating the amount of his pension annuity subject
to Federal income tax.

    <u>Held</u>:  P may not adjust the basis in his
retirement annuity to account for inflation for
purposes of calculating the amount of his pension
annuity subject to Federal income tax.

Kenneth L. Nordtvedt, pro se.

<u>Virginia L. Hamilton</u>, for respondent.

OPINION

RUWE, <u>Judge</u>:  Respondent determined a deficiency of $580 in petitioner's 1996 Federal income tax.  The issues for decision are:  (1) Whether petitioner may adjust the basis in his retirement annuity by an inflation factor, to take account of inflation between the date of his contributions to the retirement plan and the annuity starting date, thereby increasing his basis from the amount of $36,734 to an adjusted basis of $57,972, for purposes of calculating the amount of his pension annuity subject to Federal income tax; and (2) whether petitioner may further adjust the basis in his retirement annuity to take into account expected inflation over his actuarial life for purposes of calculating the amount of his pension annuity subject to Federal income tax.

<u>Background</u>

The parties submitted this case fully stipulated pursuant to Rule 122.[1]  The stipulation of facts and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Friday Harbor, Washington, at the time he filed his amended petition.

Petitioner was employed by Montana State University from

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

September of 1965 until he retired in July of 1988.  Montana
State University participates in the Montana Teachers Retirement
System of the State of Montana (MTRS), a qualified defined
benefit pension plan under section 401(a).

During his employment, petitioner made mandatory after-tax
contributions to the MTRS.  From July of 1985 to July of 1988,
petitioner made after-tax contributions in accordance with
Montana State law allowing for additional contributions to build
up a retirement base.  Petitioner's contributions to the MTRS
were as follows:

| Year | Taxed Contribution |
|------|-----|
| 1965-66 | $350 |
| 1966-67 | 350 |
| 1967-68 | 611 |
| 1968-69 | 639 |
| 1969-70 | 793 |
| 1970-71 | 822 |
| 1971-72 | 922 |
| 1972-73 | 887 |
| 1973-74 | 1,131 |
| 1974-75 | 1,122 |
| 1975-76 | 1,613 |
| 1976-77 | 1,592 |
| 1977-78 | 1,814 |
| 1978-79 | 1,102 |
| 1979-80 | 1,774 |
| 1980-81 | 529 |
| 1981-82 | 1,838 |
| 1982-83 | 1,012 |
| 1983-84 | 2,893 |
| 1984-85 | 7,042 |
| 1987-88 | 7,898 |
| Total | 36,734 |

Petitioner's nominal basis in his pension plan is $36,734.  Since
petitioner's retirement in July of 1988, he has been receiving a

gross pension payment of $26,313 annually.

The formula used by the MTRS to determine the taxable portion of petitioner's pension based on his after-tax contributions (the formula) is in accordance with the rules prescribed by the regulations promulgated under the Internal Revenue Code. See sec. 1.72-4, Income Tax Regs. According to the formula, the portion of petitioner's pension income that is subject to tax in 1996, based on the nominal value of his after-tax contributions and the age of petitioner at his retirement in 1988, is $24,843.

Petitioner reported $22,979 as the amount of his pension that was subject to tax in 1996. To arrive at this figure, petitioner first adjusted the basis in his retirement annuity by an inflation factor to take account of inflation between the date of his contributions to the retirement plan and the annuity starting date. According to his calculation, petitioner's basis as of his retirement in 1988 was $57,972 instead of the nominal basis of $36,734. Petitioner then adjusted the basis in his annuity as of the date of his retirement to account for expected inflation over his actuarial life.

## Discussion

Petitioner's total pension income in 1996 was $26,313. Pursuant to the applicable regulation, which allows for recovery of petitioner's basis in the pension, the taxable portion of

petitioner's 1996 pension was $24,843.  See sec. 1.72-4, Income Tax Regs.  Petitioner agrees that the determination of the taxable portion of $24,843 is in accordance with the regulations.  However, petitioner maintains that the taxable amount should be reduced by $1,864 for 1996 in order to take into account the effect of inflation on his contributions.

Petitioner's contention that he is entitled to adjust the basis in his annuity pension to account for inflation is incorrect.  Section 61(a) provides that gross income includes all income from whatever source derived, unless otherwise specifically excluded.  Section 61(a)(9) provides that gross income includes income from annuities.  The Supreme Court has reasoned that Congress "intended 'to use the full measure of its taxing power'" when it created the income tax.  Commissioner v. Kowalski, 434 U.S. 77, 82 (1977) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)).  The Court explained that Congress intended "'to tax all gains except those specifically exempted.'" Id. at 82-83 (quoting Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955)).  There is no statutory or regulatory provision permitting petitioner to exempt gain which may be attributable solely to inflation by adjusting the basis in his annuity pension to account for such inflation.[2]

---

[2]We note that when Congress intends for inflation to be taken into account, it does so by providing for it by statute.

(continued...)

The pension plan administered by the MTRS is a qualified defined benefit pension plan as provided for in section 401(a). The taxation of the distributee of such a plan is governed by section 402(a). Section 402(a) provides that the amounts distributed under a section 401(a) plan shall be taxable to the distributee under section 72.

Section 72 provides in general that amounts received under an annuity contract are includable in gross income except to the extent that such amounts are considered to be a reduction or return of consideration paid. Specifically, section 72(a) provides that unless otherwise provided, gross income includes any amount received as an annuity under an annuity contract. Section 72(b), however, provides that a portion of the annuity will be excluded from gross income. In particular, gross income does not include that part of any amount received as an annuity under an annuity contract which bears the same ratio to such amount as the investment in the contract (as of the annuity starting date) bears to the expected return under the contract (as of such date). See sec. 72(b); sec. 1.72-4, Income Tax Regs. This ratio is referred to as the "exclusion ratio." Sec. 72(b); sec. 1.72-4, Income Tax Regs. Section 72(c), as relevant here, defines the investment in the contract to be the aggregate amount

---

[2](...continued)
See, e.g., secs. 1(f), 151(d)(4); Bartley v. Commissioner, T.C. Memo. 1998-322 n.10.

of premiums or other consideration paid for the contract (or in the instant case, petitioner's after-tax basis). The "expected return" amount is determined by multiplying, at the commencement of the annuity, the total of the annuity payments to be received annually by a multiple based on the annuitant's age and, for contributions prior to 1986, on the annuitant's sex. Sec. 1.72-5(a)(1), Income Tax Regs.

The application of the "exclusion ratio" to each annuity payment determines the amount excluded from the gross income of the annuitant and, thus, not subject to Federal income tax. This excluded amount represents that part of the annuity payment which accounts for the return of the annuitant's investment in the annuity.

In the relevant statutes governing the determination of the taxable amount of a pension plan annuity, there is no provision for, or mention of, any adjustment to an annuitant's basis or investment in his annuity to take account of inflation from the date the annuitant first began to contribute to the annuity to the annuity starting date. Nor is there any provision permitting an adjustment to take account of inflation via a discount factor from the date of the commencement of the annuity until the nontaxable basis has been fully repaid to the annuitant.

When a statute is clear on its face, we require clear unequivocal evidence of legislative purpose before construing a

statute to override the plain meaning of the words used therein. See Hirasuna v. Commissioner, 89 T.C. 1216, 1224 (1987); Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984). The legislative history of the statutes relevant to this case contains no evidence that Congress intended that there be any adjustment to account for inflation.

As with the statutes, the regulations also contain no mention of inflation adjustments. The regulations under section 72 are interpretative regulations. Such regulations must be upheld "unless unreasonable and plainly inconsistent with the revenue statutes". Commissioner v. South Tex. Lumber Co., 333 U.S. 496, 501 (1948). The regulations under section 72 are not unreasonable and are not plainly inconsistent with the statute with respect to the issue presented in the instant case.

The regulations promulgated under section 72 are of long standing, originally adopted on November 14, 1956, by T.D. 6211, 1956-2 C.B. 29. While there have been numerous amendments to the regulations, none have affected the issue at bar. With respect to the longevity of these regulations, the Supreme Court has stated that long-standing rules should not be overruled except for weighty reasons. See Commissioner v. Sternberger's Estate, 348 U.S. 187, 199 (1955). As discussed below, there are no such weighty reasons in the instant case.

While there are no cases directly on point dealing with

pension plans or annuities,[3] the issue decided in <u>Hellermann v. Commissioner</u>, 77 T.C. 1361 (1981), involved the same principles. In <u>Hellermann v. Commissioner</u>, <u>supra</u>, the taxpayers argued that gain that was realized from the sale of property should be adjusted to take into account the inflation that occurred during the ownership of the property.  We disagreed.

First, we relied upon "the well-established doctrine that Congress has the power and authority to establish the dollar as a unit of legal value with respect to the determination of taxable income, independent of any value the dollar might also have as a commodity."  <u>Id.</u> at 1364.  For this proposition, we relied upon

---

[3]This Court has consistently denied taxpayers deductions for losses due to inflation and has repeatedly rejected the argument that inflation is a proper ground for failing to report income. See <u>Sibla v. Commissioner</u>, 68 T.C. 422, 430-431 (1977), affd. 611 F.2d 1260 (9th Cir. 1980); <u>Gajewski v. Commissioner</u>, 67 T.C. 181, 195 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); <u>Bartley v. Commissioner</u>, T.C. Memo. 1998-322; <u>Ruben v. Commissioner</u>, T.C. Memo. 1987-277; <u>Downing v. Commissioner</u>, T.C. Memo. 1983-97; <u>Warren v. Commissioner</u>, T.C. Memo. 1982-696; <u>Notter v. Commissioner</u>, T.C. Memo. 1982-96; <u>Cunninghman v. Commissioner</u>, T.C. Memo. 1981-365; <u>Milkowski v. Commissioner</u>, T.C. Memo. 1981-225; <u>Crossland v. Commissioner</u>, T.C. Memo. 1976-59.  Other courts have reached the same conclusions when faced with similar situations.  See <u>Stelly v. Commissioner</u>, 804 F.2d 868, 870 (5th Cir. 1986) ("The * * * [taxpayers'] contention that they are entitled to an inflation adjustment to their interest income is plainly incorrect."); <u>Birkenstock v. Commissioner</u>, 646 F.2d 1185, 1186 (7th Cir. 1981) ("The market price of gold in terms of dollars is * * * irrelevant to the determination of * * * taxable income"), affg. T.C. Memo. 1979-201; <u>Bates v. United States</u>, 108 F.2d 407, 408 (7th Cir. 1939) (attaching no "significance to the statutory gold content of the dollar as a factor in the determination of gain from the sale of capital assets"); <u>Daugherty v. United States</u>, 1 Cl. Ct. 216, 218 (1983) (taxpayer not entitled to "inflation factor" deduction).

cases upholding Congress' right to provide for a currency having a uniform legal value that did not necessarily correspond to the market value of gold bullion which backed the currency. See Perry v. United States, 294 U.S. 330 (1935); Nortz v. United States, 294 U.S. 317 (1935); Norman v. Baltimore & Ohio R.R. Co., 294 U.S. 240 (1935); Legal Tender Cases, 79 U.S. (12 Wall.) 457 (1870).

As a second ground for rejecting the taxpayers' position in Hellermann v. Commissioner, supra, we relied upon the doctrine of common interpretation; i.e., defining income on the basis of the understanding of a lay person, not an economist. See id. at 1366. Under this doctrine, the taxpayers' gain must be measured on the basis of the nominal gain on the sale of property, not on the basis of a gain reduced by an inflation factor, or the real gain in an economic sense. See id. "[N]either the Constitution nor tax laws 'embody perfect economic theory.'" Id. (quoting Weiss v. Weiner, 279 U.S. 333, 335 (1929)).

In Hellermann v. Commissioner, supra, the taxpayers were arguing that the Government's failure to take inflation into account to determine gain or loss resulted in the taxation of return of capital. This is the essence of petitioner's argument in the instant case. However, as previously stated, the applicable statutes and regulations do not provide that petitioner may take inflation into account. See secs. 72, 401,

and 402; <u>Hellermann v. Commissioner</u>, <u>supra</u> at 1363; secs. 1.72, 1.401, and 1.402, Income Tax Regs. Accordingly, we hold that petitioner may not adjust the basis in his retirement annuity to account for inflation for purposes of calculating the amount of his pension annuity subject to Federal income tax.

<u>Decision will be entered for respondent</u>.