121 T.C. No. 12


UNITED STATES TAX COURT


JEFFREY R. KING AND SABRINA M. KING, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JIMMY R. LOPEZ AND SUZY O. LOPEZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 16596-02, 16868-02.    Filed September 26, 2003.


        L and K are the biological parents of M, who was
born in 1986.  L and K have never been married to each
other.  In 1988, K executed a Form 8332, Release of
Claim to Exemption for Child of Divorced or Separated
Parents, in favor of L for the taxable year 1987 and
all years thereafter.  L claimed dependency exemption
deductions for M for the tax years 1987 through 1999
and attached the Form 8332 to his returns for those
years.  Beginning with the taxable year 1993, K has
claimed a dependency exemption deduction for M on her
tax returns.  R issued notices of deficiency to L and K
disallowing the deductions for 1998 and 1999.  L and K
lived apart at all times during the years in issue.  M
lived with K at all times during the years in issue.

Held:  A dependency exemption deduction is allowed
for a parent who provides over half of a child's
support during the taxable year.  In the case of
parents who are divorced, who are separated under a
written separation agreement, or who live apart at all
times during the last 6 months of the calendar year,
the parent having custody for a greater portion of the
year is treated as providing over half of the child's
support.  Sec. 152(e)(1), I.R.C.  This parent is
entitled to the deduction unless he or she signs a
written declaration that he or she will not claim the
child as a dependent.  Sec. 152(e)(2), I.R.C.  The
declaration may apply to 1 year, a set number of years,
or all future years.  Because L and K lived apart at
all times during the last 6 months of 1998 and 1999 and
K executed the Form 8332 releasing her claim to
exemptions for the years in issue, L is entitled to the
deductions.

Jeffrey R. King and Sabrina M. King, pro sese.

Jimmy R. Lopez and Suzy O. Lopez, pro sese.

Mary Tseng Klaasen, for respondent.

GOEKE, Judge:  Respondent determined deficiencies in income

tax for petitioners Jeffrey R. King and Sabrina M. King (Mr. King

and Mrs. King, respectively; the Kings collectively) of $1,716

and $912 for the taxable years 1998 and 1999, respectively.  In a

separate notice of deficiency, respondent determined deficiencies

in income tax for petitioners Jimmy R. Lopez and Suzy O. Lopez

(Mr. Lopez and Mrs. Lopez, respectively; the Lopezes

collectively) of $1,156 and $912 for the taxable years 1998 and

1999, respectively.  The issue for decision is which petitioners

are entitled to dependency exemption deductions under section

151[1] for the taxable years 1998 and 1999 for the biological daughter of Mr. Lopez and Mrs. King. We hold that the Lopezes are entitled to the deductions because (1) the special support test under section 152(e)(1) can apply to parents who have never married each other, (2) Mr. Lopez and Mrs. King lived apart at all times during the last 6 months of 1998 and 1999, and (3) Mrs. King validly released her claim to the exemption for the years in issue.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, supplemental stipulation of facts, second supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. The Kings and the Lopezes resided in Colorado at the time they filed their respective petitions.

Mr. Lopez and Mrs. King are the biological parents of Monique Desiree Vigil (Monique), who was born on January 17, 1986. Mr. Lopez and Mrs. King have never been married to each other. Mr. Lopez and Mrs. King lived apart at all times during 1998 and 1999.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For 1987, Mr. Lopez timely filed his Federal income tax return and claimed a dependency exemption deduction for Monique. In a letter dated April 20, 1988, respondent requested that Mr. Lopez complete a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents. On April 30, 1988, Mrs. King executed a Form 8332 in favor of Mr. Lopez for the taxable year 1987 and all years thereafter.[2] Mr. Lopez claimed a dependency exemption deduction for Monique for the taxable years 1987 through 1999. Mr. Lopez attached a copy of the Form 8332 executed by Mrs. King to his tax returns for the years in issue.

Beginning with the taxable year 1993, the year they were married, the Kings began claiming a dependency exemption deduction for Monique on each of their Federal income tax returns. Monique resided with the Kings at all times during the calendar years 1998 and 1999. The Lopezes and the Kings provided

---

[2]The Form 8332 Mrs. King executed was the December 1987 version of the form. Pt. I of the form was entitled "Release of Claim to Exemption for Current Year". Mrs. King completed and signed Pt. I, thereby releasing her claim to the exemption deduction for Monique for 1987. Pt. II was entitled "Release of Claim to Exemption for Future Years". In the space specified "for the tax year(s)", the words "future years" were written. Mrs. King signed the space in Pt. II releasing her claim to exemption deductions. The general instructions to that version of the Form 8332 stated that a parent who might be entitled to claim an exemption deduction for a child could agree to release the claim for the current calendar year or for future years, or both. In December 2000, the Commissioner revised Form 8332 and inserted cautionary language stating that the special support test "does not apply to parents who never married each other."

all of Monique's financial support in 1998 and 1999. On the basis of the expenditures for Monique established by the record, the Kings provided over half of Monique's support during these years. Mr. Lopez and Mrs. King have had only sporadic and brief contact with each other since 1987, and at no time did she inform him that she wanted or otherwise intended to revoke the release contained in the Form 8332 that she executed on April 30, 1988.

On July 29, 2002, respondent issued notices of deficiency to the Kings and the Lopezes for their taxable years 1998 and 1999. In order to protect the Government from a potential whipsaw, respondent determined that neither the Kings nor the Lopezes were entitled to dependency exemption deductions under section 151.[3] The Kings and the Lopezes timely filed petitions to this Court seeking redeterminations. Because of the common issues

---

[3]Respondent also reduced the Lopezes' child tax credit for 1998 and 1999 on the basis of the determination that the number of their children that could be claimed as dependents was reduced by one. Resolution of this issue depends on our decision with respect to the issue of which petitioners are entitled to the dependency exemption deduction for Monique.

With respect to the Kings, respondent determined that they were entitled to an additional child tax credit for 1998 not claimed on their 1998 return; however, because respondent determined that they were not entitled to an exemption deduction for Monique, the child tax credit for 1999 was reduced by $500. Respondent also reduced the Kings' earned income credit for 1998 on the basis of the change in the number of allowed exemptions. Respondent conceded this issue before trial. Resolution of the child tax credit issue for 1999 depends on our decision with respect to the issue of which petitioners are entitled to the dependency exemption deductions for Monique.

presented, the cases were consolidated for purposes of trial, briefing, and opinion.

OPINION

The issue for decision is which petitioners are entitled to dependency exemption deductions for Monique for the years in issue. As explained below, we hold that the Lopezes are entitled to the deductions because Mr. Lopez and Mrs. King lived apart at all times during the last 6 months of 1998 and 1999 and Mrs. King released her claim to the dependency exemption deductions for the years in issue.

Section 151 provides exemption deductions for qualified dependents of a taxpayer in computing taxable income. A child of a taxpayer is generally a dependent of the taxpayer only if the taxpayer provides over half of the child's support during the taxable year. Sec. 152(a). A special support test applies to certain parents. Section 152(e) provides:

> SEC. 152(e) Support Test in Case of Child of Divorced Parents, Etc.--
>
> > (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--
> >
> > > (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--
> > >
> > > > (i) who are divorced or legally separated under a decree of divorce or separate maintenance,

(ii) who are separated under a written separation agreement, or

(iii) who live apart at all times during the last 6 months of the calendar year, and

(B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,

such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

(2) Exception where custodial parent releases claim to exemption for the year.--A child of parents described in paragraph (1) shall be treated as having received over half of his support during a calendar year from the noncustodial parent if--

(A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and

(B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

For purposes of this subsection, the term "noncustodial parent" means the parent who is not the custodial parent.

If the requirements of section 152(e)(1) are met, the child is treated as having received over half of his support from the custodial parent, and the custodial parent is entitled to the dependency exemption deduction. The noncustodial parent can gain entitlement to the deduction if the custodial parent executes a valid written declaration under section 152(e)(2) releasing the claim to the deduction. The declaration may apply to 1 year, a set number of years, or all future years. Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984). A validly executed Form 8332 satisfies the written declaration requirement.

The Lopezes argue that they are entitled to the dependency exemption deductions because Mr. Lopez and Mrs. King lived apart at all times during the years in issue and Mrs. King signed a written declaration stating that she would not claim Monique for 1987 and future years. Respondent and the Kings contend that the special support test of section 152(e) does not apply to parents who have never married each other.[4] If the special support test can apply to parents who have never married each other, respondent and the Kings, for different reasons, claim that the

---

[4]Because we have found as a fact that the Kings provided over half of Monique's support during the years in issue, they would be entitled to the dependency exemption deductions if sec. 152(e)(1) did not apply to parents who have never married each other.

Form 8332 Mrs. King executed in 1988 did not release her claim to the exemption deductions for the years in issue.

This case presents an issue that has not been squarely addressed by the Court.[5] Additionally, it appears that the Commissioner has at times taken inconsistent positions on the matter.[6] Resolution of the issue requires us to interpret the language of section 152(e)(1).

In interpreting a statute, our purpose is to give effect to Congress's intent. <u>Ewing v. Commissioner</u>, 118 T.C. 494, 503 (2002). Usually, the plain meaning of the statutory language is conclusive. <u>United States v. Ron Pair Enters., Inc.</u>, 489 U.S.

---

[5]In <u>Hughes v. Commissioner</u>, T.C. Memo. 2000-143, and <u>Brignac v. Commissioner</u>, T.C. Memo. 1999-387, we applied, without discussion of this point, sec. 152(e)(1) to parents who had never married each other. It does not appear that the Commissioner argued in those cases that the statute did not apply.

[6]On brief, respondent explained that his current position is based on a Litigation Guideline Memorandum issued in 1999. Chief Counsel Advice 1999-49-033 (Dec. 10, 1999). However, the Commissioner previously issued a Field Service Advisory in 1997 taking the same position. Field Service Advice 1997392 (Apr. 2, 1997). The 1997 advisory stated that a copy of then-current training materials reflected the position taken in 1990 that the special support test did not apply to parents who have never married each other, and that the Commissioner's opinion had not changed. However, in 1996 the Commissioner issued a Field Service Advisory concluding that the special support test under sec. 152(e)(1) could apply to parents who had never married each other. Field Service Advice 1996442 (Apr. 22, 1996). Additionally, the version of the Form 8332 provided by the Commissioner from December 1987 until December 2000 did not state that the special support test did not apply to parents who had never married each other.

235, 242 (1989); Ewing v. Commissioner, supra at 503. If the statute is silent or ambiguous, then we may look to the legislative history to determine congressional intent. Burlington N. R.R. v. Okla. Tax Commn., 481 U.S. 454, 461 (1987); Fernandez v. Commissioner, 114 T.C. 324, 329-330 (2000). The legislative history of a statute is secondary when we can apply the plain meaning of unambiguous text; however, unequivocal evidence of clear legislative intent may sometimes override a plain meaning interpretation and lead to a different result. Allen v. Commissioner, 118 T.C. 1, 17 (2002) (and cases cited threat); Nordtvedt v. Commissioner, 116 T.C. 165, 169 (2001), affd. without published opinion 22 Fed. Appx. 790 (9th Cir. 2001).

Section 152(e)(1) provides that the special support test applies to "parents" in three different situations. The statute specifically provides that the test applies not only to divorced and certain separated parents, but to parents "who live apart at all times during the last 6 months of the calendar year". There is no requirement in the statute that parents have married each other before the special support test can apply. Section 152(e)(1) applies to any parents, regardless of marital status, as long as they lived apart at all times for at least the last 6 months of the calendar year.

Respondent contends that the legislative history of section 152(e) supports the interpretation that section 152(e)(1)(A)(iii)

applies only to parents who are married but who live apart.[7] Although we find the statute unambiguous, we have examined the legislative history, and we disagree with respondent regarding its import.

Section 152(e) was amended in 1984 to add current paragraphs (1)(A)(iii) and (2). Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 423(a), 98 Stat. 799. Before the 1984 amendment, the special support test applied only to parents who were divorced or separated under a written separation agreement.[8] The conference report accompanying the Deficit Reduction Act of 1984 states that the special support test was being extended to parents living apart at all times during the last 6 months of the calendar year. H. Conf. Rept. 98-861, at 1118-1119 (1984), 1984-3 C.B. (Vol. 2) 1, 372-373.[9] The reason for the change was to resolve disputes

---

[7]Respondent also contends that similar "live apart" language used in other provisions of the Internal Revenue Code indicates that the special support test was meant to apply only to parents who have married each other. Respondent bases his contention on a statement in the House bill that certain provisions were being amended to provide consistent rules among various interrelated sections concerning family status of individuals living apart. H. Rept. 98-432 (Part II), at 1499 (1984). We have reviewed the provisions respondent cites, but we find that they provide unpersuasive support for respondent's position, especially in light of the plain meaning of sec. 152(e)(1).

[8]This meant that under former sec. 152(e) "only parents previously united in marriage [came] within its ambit." Radin v. Commissioner, T.C. Memo. 1987-348.

[9]The conference agreement provides a brief discussion of the House bill and states that there was no Senate amendment. The conference agreement followed the House bill. H. Conf. Rept. 98-861, at 1118-1119 (1984), 1984-3 C.B. (Vol. 2) 1, 372-373.

without the involvement of the Commissioner between parents who both claim the dependency exemption deduction based on providing support over the applicable thresholds.  H. Rept. 98-432 (Part II), at 1498 (1984).[10]

Contrary to respondent's assertions, the legislative history of section 152(e) does not provide support for deviating from the plain meaning of the statute that the special support test can apply to parents who have never married each other.  Neither the House bill nor the conference report state that the amendment to section 152(e) was intended to apply only to married parents.  Indeed, applying section 152(e)(1)(A)(iii) to both married parents and parents who have never married each other is consistent with the stated purpose of resolving dependency disputes without the Commissioner's involvement in cases where parents both claim the dependency exemption deductions.  Therefore, we hold that the special support test in section 152(e)(1) applies in this case.  This means that Mrs. King is treated as having provided over half of Monique's support for 1998 and 1999 and will be entitled to the dependency exemption deductions unless, pursuant to section 152(e)(2), she released her claim to the exemption deductions for Monique for these years.

_____

[10]See also Bramante v. Commissioner, T.C. Memo. 2002-228, citing the legislative history and stating that the pre-1985 version was often subjective and presented difficult problems of proof and substantiation.

Stipulation 10 of the stipulation of facts states that Mrs. King executed a Form 8332 in favor of Mr. Lopez "for taxable year 1987 and all years thereafter." Despite this stipulation, respondent claimed for the first time at trial, and subsequently argued on brief, that the Form 8332 is ambiguous because Mrs. King "did not specify particular future years" or write "all" future years.[11] The Kings also dispute the stipulation, claiming that Mrs. King did not release her claim to the exemption deductions because the Form 8332 was signed under duress and she was not aware what the form was until the instant proceeding began.

Rule 91(a)(1) generally requires the parties to stipulate to the fullest extent all matters not privileged which are relevant to the case, regardless of whether such matters involve fact or opinion or the application of the law to fact. Stipulations are binding on the parties to the stipulation, unless the parties agree otherwise or the Court relieves a party from the binding effect "where justice requires." Rule 91(e). The parties have

---

[11]The notices of deficiency do not discuss the validity of the Form 8332 executed by Mrs. King. Additionally, respondent did not raise this issue in either the answer or the trial memorandum as a ground for denying the dependency exemption deductions to the Lopezes. Indeed, in the trial memorandum, respondent indicates that if the special support test can apply to unmarried parents, then Mr. Lopez is entitled to the dependency exemption deductions unless Mrs. King can establish that she signed the Form 8332 under duress. Respondent has consistently taken the position that the form was not signed under duress.

not otherwise agreed to be relieved from the binding effect of stipulation 10. Additionally, as explained below, justice does not require us to disregard the stipulation.

Stipulation 10 states that the release contained in the Form 8332 was not just for 1987; it was for each and every year after 1987. The Form 8332 itself clearly demonstrates that Mrs. King intended to release her claim to exemptions for 1987 and all subsequent years, and we reject respondent's new argument that the omission of the word "all" renders the release ineffective.[12]

The Kings are also bound by the stipulation. However, we briefly discuss why their arguments are not grounds for finding that the Form 8332 was invalid with respect to the years in issue. Mrs. King's overall testimony at trial indicates that she was not under duress at the time she signed the Form 8332. Mrs. King testified that Mr. Lopez did not threaten her on the day she executed the Form 8332 or otherwise force her to sign the document. Mrs. King's allegations of abuse involve isolated incidents not contemporaneous with her signing of the Form 8332 and do not support a finding under either Federal or State law that there was an unlawful threat or pattern of abuse or mental

---

[12]In any event, we find respondent's argument that the Form 8332 is ineffective because it lacks the word "all" strained and unpersuasive. The words "future years" written on the form clearly indicate that the claim for the exemption deduction was intended to be released not just for 1987 but for each and every year thereafter.

intimidation that caused her to sign the form under duress.  See Bennett v. Coors Brewing Co., 189 F.3d 1221, 1231 (10th Cir. 1999); Furnish v. Commissioner, 262 F.2d 727, 733 (9th Cir. 1958), affg. in part and remanding in part Funk v. Commissioner, 29 T.C. 279 (1957); Brown v. Commissioner, 51 T.C. 116, 119 (1968); Berger v. Commissioner, T.C. Memo. 1996-76. Additionally, it was Mrs. King's duty to make the appropriate inquiries before she signed the Form 8332 permanently releasing her claim to exemption deductions for Monique, and we will not ignore the properly executed form because she now contends that she did not intend to release her claim for the years in issue. See, e.g., Rubin v. Commissioner, 103 T.C. 200, 210-211 (1994); Bramante v. Commissioner, T.C. Memo. 2002-228.  Therefore, we find that Mrs. King validly released her claim to the exemption deductions for Monique for the years in issue and, as a result, the Kings are not entitled to dependency exemption deductions under section 151 for Monique for the years in issue. Accordingly, the Lopezes are entitled to the deductions for the years in issue.

> Decision will be entered under Rule 155 in docket No. 16596-02.
>
> Decision will be entered for petitioners in docket No. 16868-02.