T.C. Summary Opinion 2005-58


UNITED STATES TAX COURT


RICKY C. HUTCHINSON AND TAMMY L. McNICHOL, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11690-02S.                    Filed May 18, 2005.


Stephen T. Walzak, for petitioners.

Alexandra E. Nicholaides, for respondent.


COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered
is not reviewable by any other court, and this opinion should not
be cited as authority.

_____

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency of $1,825 in petitioners' Federal income tax for 1999. The sole issue for decision is whether Tammy L. McNichol (petitioner) released to her former spouse, John F. McNichol (Mr. McNichol), under section 152(e)(2), for the year 1999, the dependency exemption deductions for petitioner and Mr. McNichol's two children.

Some of the facts were stipulated, and those facts, with the accompanying exhibits are so found and are made part hereof. At the time the petition was filed, petitioners were legal residents of Gladwin, Michigan.

Petitioner and Mr. McNichol were formerly married to each other and were divorced in November 1990. Two daughters were born of that marriage in 1987 and 1989. Petitioner thereafter married Ricky C. Hutchinson. They filed a joint Federal income tax return for 1999. Mr. McNichol, petitioner's former spouse, also remarried.

On their joint Federal income tax return for 1999, petitioners claimed the two daughters as dependents. Likewise, Mr. McNichol and his spouse claimed the two daughters as dependents. In the notice of deficiency, respondent disallowed the two dependency exemption deductions claimed by petitioners for her two daughters.[2] The basis for the disallowance is

_____

[2] The record is unclear whether respondent also disallowed the
(continued...)

respondent's determination that petitioner released to her former spouse the dependency exemption deductions for the two daughters by virtue of petitioner's execution of Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, wherein petitioner released to her former spouse the dependency exemptions for the two children for the year 1992 and all future years.  Petitioner agrees that she released the dependency exemption deductions of the two children for the 1992 tax year but denies that she released the exemption deductions for the years subsequent to 1992.

Section 151(c) allows a taxpayer to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a), the term "dependent" means, in pertinent part, a son or daughter of the taxpayer over half of whose support was received from the taxpayer.  Sec. 152(a)(1).

In the case of a child of divorced parents, section 152(e)(1) provides in pertinent part that, if a child receives over half of his support from his parents who are divorced under a decree of divorce, and the child is in the custody of one or both of his parents for more than one-half of the year, then the child will be treated as receiving over half of his support from

---

[2](...continued)
dependency exemption deductions claimed by Mr. McNichol.

the parent having custody for a greater portion of the calendar year. Respondent agrees that petitioner met that requirement.

The "noncustodial parent" is allowed to claim the dependency exemption deductions if one of three statutory exceptions in section 152(e) applies. If an exception applies, the "noncustodial parent" (in this case, Mr. McNichol) is treated as providing over half of a child's support. This case focuses on section 152(e)(2), the exception that is at issue here.

Section 152(e)(2) provides, if "the custodial parent signs a written declaration", that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year, the noncustodial parent is entitled to the dependency exemption deduction for that year.

The "written declaration" is embodied in Form 8332. That form consists of two parts, Part I, which is for the release of the dependency exemption for the "current year", and Part II applies to releases for "future years". Both parts (if applicable) must be signed by the custodial parent releasing the exemptions, and each part requires the year or years (in the case of Part II) to which the exemption is released and the names of the dependents.

In this case, Mr. McNichol and his spouse attached to their 1999 Federal income tax return a completed Form 8332, purportedly

signed by petitioner, which appears to satisfy the above requirements and includes, on the signature lines of both Parts I and II, a signature that purports to be that of petitioner Tammy L. McNichol. Petitioner, however, contends that she released the dependency exemptions for only the year 1992 and did not release or did not intend to release the exemptions for any years subsequent to 1992. She denies having consented to Part II, releasing the exemptions for all "future" years. Prior to trial, petitioner and her former spouse each engaged the services of forensic experts to address whether petitioner Tammy L. McNichol signed Form 8332 to allow Mr. McNichol to claim the dependency exemption deductions for all "future" years. The reports of the forensics experts were not offered at trial, nor were the experts called as witnesses. However, the parties stipulated that both evaluations provided inconclusive results.[3]

The Court considers the testimony of Mr. McNichol as pivotal in the decision of this case. Mr. McNichol had engaged the services of an income tax return preparer to prepare his 1992 Federal income tax return. The return preparer (who did not

---

[3]    Although not entirely clear, it does not appear that respondent engaged the services of a forensic expert. Although counsel for respondent referred to "both parties" as having employed the forensic experts, the Court assumes that "both parties" meant petitioner and her former spouse, Mr. McNichol. Neither petitioner, Mr. McNichol, nor respondent addressed the forensic evaluations at trial.

testify at trial) advised Mr. McNichol of the necessity of having a Form 8332 to attach to his 1992 return to allow him the dependency exemption deductions of the two children for that year.  The preparer provided Mr. McNichol with a blank Form 8332, which he was instructed to present to his former wife for her signature.  Mr. McNichol presented the form to his former wife and, in a rather tense atmosphere, petitioner signed only Part II of the form.  Mr. McNichol did not question his former wife as to the significance of her signature on that part of the form, and he immediately delivered the signed blank form to his return preparer.  The return preparer expressed surprise that petitioner signed Part II but opined to Mr. McNichol that, since Part I was not signed, he would not be able to claim the dependency exemption deductions for 1992.  At that point, the return preparer prepared a new Form 8332, in which the preparer completed both Parts I and II and directed Mr. McNichol to return and obtain petitioner's signature for both Parts I and II.  Mr. McNichol immediately went back to his former wife with directions that she sign both Parts I and II as required by the return preparer.  Again, in a tense atmosphere, petitioner signed both Parts I and II of Form 8332.

In his testimony at trial, Mr. McNichol acknowledged that he was expecting that his former wife would release the dependency exemptions for only 1 year, 1992.  That was also the

understanding of the return preparer.  Mr. McNichol was also unfamiliar with Form 8332.  Mrs. McNichol testified at trial and corroborated the testimony of Mr. McNichol.  There is no indication from the record that Mr. McNichol or anyone else threatened or applied pressure on petitioner to sign the Form 8332.  While their relations with each other were obviously strained, the Court is satisfied that petitioner signed the document without any threat or intimidation by her former spouse.  Petitioner did not sign the form under duress.  In King v. Commissioner, 121 T.C. 245, 253 (2003), where the former spouse challenged the validity of the Form 8332, the Court noted:  "it was Mrs. King's duty to make the appropriate inquiries before she signed the Form 8332 permanently releasing her claim to exemption deductions * * *, and we will not ignore the properly executed form because she now contends that she did not intend to release her claim for the years in issue."  Respondent, therefore, is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.