T.C. Summary Opinion 2006-168

UNITED STATES TAX COURT

JOHN B. ANDERSON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 847-06S.                    Filed October 18, 2006.

John B. Anderson, pro se.

<u>Terry Serena</u> and <u>Louis H. Hill</u>, for respondent.

COHEN, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $1,363 in petitioner's Federal income tax for 2003. The issues for decision are whether petitioner is entitled to claim a dependency exemption deduction for his daughter and whether petitioner is entitled to a child tax credit.

## Background

Petitioner resided in Huntington, West Virginia, at the time he filed his petition.

Petitioner is the unmarried father of J.W. In compliance with a November 5, 1997, child support order issued by the Circuit Court of Cabell County, West Virginia, petitioner paid nearly 90 percent of the total determined support obligation for J.W. in 2003, and he maintained health insurance on J.W.'s behalf. J.W.'s mother is the custodial parent of J.W.

Petitioner claimed a deduction for a dependency exemption and a child tax credit for J.W. on his 2003 tax return. Respondent disallowed the dependency exemption and the child tax credit, explaining in the notice of deficiency that "whoever has been appointed custodial parent by the court system is entitled to the dependent exemption unless he or she expressly waives the right to claim the exemption." The notice also explained that, because the child tax credit can be claimed only by a taxpayer who is eligible to claim the dependency exemption deduction, the child tax credit petitioner claimed for 2003 was also disallowed.

Discussion

The Internal Revenue Code allows as a deduction an exemption for each dependent of a taxpayer in computing taxable income. Sec. 151(c). A child of a taxpayer is generally a qualified dependent only if the taxpayer provides over half of the child's support during the taxable year. Sec. 152(a)(1). However, section 152(e)(1) limits the dependency exemption where the child's parents live apart, as follows:

> SEC. 152(e). Support Test in Case of Child of Divorced Parents, Etc.--
>
> > (1) Custodial parent gets exemption.--Except as otherwise provided in this subsection, if--
> >
> > > (A) a child (as defined in section 151(c)(3)) receives over half of his support during the calendar year from his parents--
> > >
> > > > (i) who are divorced or legally separated under a decree of divorce or separate maintenance,
> > > >
> > > > (ii) who are separated under a written separation agreement, or
> > > >
> > > > (iii) who live apart at all times during the last 6 months of the calendar year, and
> > >
> > > (B) such child is in the custody of one or both of his parents for more than one-half of the calendar year,
> >
> > such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent").

While section 152(e) provides for certain exceptions to this rule, none of those exceptions applies to this case.

Petitioner provided more than half of J.W.'s support in 2003. However, petitioner is not J.W.'s custodial parent, and J.W. did not live with him for more than half of 2003. Thus, section 152(e)(1) denies petitioner a dependency exemption deduction for J.W. in 2003.

Petitioner argues that section 152(e)(1) applies only where a child's parents were at one time married. In support of his argument, petitioner cites inconsistent positions taken by the Internal Revenue Service (IRS) at various times. See King v. Commissioner, 121 T.C. 245, 249 n.6 (2003). Apparently, respondent allowed petitioner, as the noncustodial parent, to claim J.W. as his dependent at least once in previous years.

Upon review of petitioner's tax return for 2003, however, respondent disallowed the claimed dependency exemption deduction and the related child tax credit for J.W. In a letter dated June 29, 2006, an IRS Appeals officer notified petitioner that this Court recently had held, on similar facts, that "the legislative history of section 152(e) does not provide support for deviating from the plain meaning of the statute that the special support test can apply to parents who have never married each other." King v. Commissioner, supra at 251. In any event, the Commissioner is not bound for any given tax year to allow a

deduction erroneously permitted for a prior year.  See, e.g., Lerch v. Commissioner, 877 F.2d 624, 627 n.6 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Pekar v. Commissioner, 113 T.C. 158, 166 (1999).

Although petitioner provided over 50 percent of J.W.'s support in 2003, he is not J.W.'s custodial parent, and no exception under section 152(e) applies to allow petitioner to claim a dependency exemption deduction for J.W.  Therefore, petitioner is not entitled to a section 151 deduction for a dependency exemption for 2003.

Section 24(a) allows taxpayers a credit against tax imposed for each qualifying child.  Section 24(c)(1)(A) provides that a "qualifying child" for purposes of section 24 is "any individual if * * * the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year".  Because petitioner is not entitled to a dependency exemption deduction under section 151, he is not entitled to a child tax credit under section 24.

To reflect the foregoing,

Decision will be entered for respondent.