T.C. Summary Opinion 2007-47


UNITED STATES TAX COURT


ROBERT H. MARTIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5908-05S.            Filed March 26, 2007.


Robert H. Martin, pro se.

Mary Ann Waters, for respondent.


COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion should not be treated as precedent for any other case.

Respondent determined a deficiency of $5,485 in petitioner's Federal income tax for the year 2003.

The issues for decision are whether petitioner is entitled to: (1) Dependency exemption deductions for two children under section 151, and (2) a child tax credit under section 24.

Some of the facts were stipulated and are so found. The stipulation of facts and the annexed exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided at Glen Allen, Virginia.

Petitioner filed his Federal income tax return for 2003 as a head-of-household under section 2(b)(1) and claimed three dependency exemption deductions under section 151 and a child tax credit under section 24. In the notice of deficiency, respondent disallowed the three dependency exemption deductions and the child tax credit. Respondent further determined that petitioner's filing status was single.

Petitioner was previously married to Olivia L. Martin. They were divorced in the year 2000. Olivia L. Martin thereafter married Forrest C. Nuckols. Petitioner and Mrs. Nuckols had eight children. For the year at issue, five were adults and three others were dependents. Petitioner claimed the three dependents on his Federal income tax return for 2003, and Mrs.

Nuckols, his former spouse, also claimed the same three children on the joint Federal income tax return she filed with her spouse.

At trial, respondent conceded that petitioner was entitled to the dependency exemption deduction for one of the children based on the fact that the child lived with petitioner during the year at issue. Respondent also conceded that petitioner was entitled to head-of-household filing status and the child tax credit with respect to that child. The remaining issues are whether petitioner is entitled to the dependency exemption deductions for the two other children and the child tax credit as to them.

The two other children, a son and a daughter, lived with their mother, Mrs. Nuckols, during the year at issue. Petitioner paid to his former spouse, during that year, $474 per month for their support. In addition, petitioner paid health insurance premiums and medical expenses for the two children and had the children with him for a 1-week vacation during the year in Florida. No evidence was presented as to the support provided the two children by petitioner's former spouse during the year at issue or the total monetary amount provided by petitioner other than the aforementioned monthly cash payments. Petitioner contends that on these facts, he is entitled to the dependency

exemption deductions for the two children and the related child tax credit.[2]

Section 151(c) allows taxpayers an annual exemption amount for each "dependent" as defined in section 152. Under section 152(a), the term "dependent" means certain individuals, such as a son, daughter, stepson, or stepdaughter, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

Section 152(e) provides a special support test in the case of divorced parents or parents who have never been married with respect to the dependency exemption deductions for such children. See King v. Commissioner, 121 T.C. 245, 250 (2003). Absent exceptions not applicable here, if both parents together provide over half of the support of a child, the parent having custody of the child for the greater portion of the taxable year is entitled to the dependency exemption for such child. Sec. 152(e)(1). With respect to the two children in this case, the Court is satisfied that petitioner and the children's mother provided over half their support during the year at issue. Because the two children resided with petitioner's former spouse, who had custody

---

[2]This case is decided on the record without regard to the burden of proof giving due consideration to sec. 7491.

of the children for the greater portion of the year, the Court holds that petitioner is not entitled to the dependency exemption deductions for the two children. The dependency exemption deduction goes to Mrs. Nuckols who had custody of them for the greater portion of the year under section 152(e). Respondent, therefore, is sustained on this issue.

With regard to the child tax credit, under section 24(c)(1), that credit is allowed to a taxpayer with a qualifying child who is entitled to the dependency exemption deduction for such child. Since petitioner is not entitled to the dependency exemption deduction for the two children, it follows that he is not entitled to the child tax credit as to those children.

<u>Decision will be entered</u>

<u>under Rule 155.</u>