T.C. Summary Opinion 2007-78

UNITED STATES TAX COURT

JAMES EDWARD TAYLOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 601-06S.                     Filed May 22, 2007.

James Edward Taylor, pro se.

Aaron D. Gregory, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  Pursuant to the provisions of section 7463(b), the decision to be entered is not reviewable

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency, respondent determined a deficiency of $33,456 in petitioner's Federal income tax for the year 2003; an addition to tax under section 6651(a)(1) in the amount of $6,211; an addition to tax under section 6651(a)(2) in the amount of $2,208.48; and an addition to tax under section 6654. At trial, respondent conceded to a reduction of the deficiency from $33,456 to $31,367 and conceded the section 6651(a)(2) addition to tax.[2] Additionally, the parties reached a basis of settlement on unreported wage and salary income paid to petitioner during the year at issue, as well as income realized by petitioner from real estate sales during that year.[3] Subsequent to trial, respondent conceded the addition to tax under section 6654.

---

[2]The deficiency is based upon respondent's determination that petitioner realized net income from a trade or business activity. In the notice of deficiency, petitioner's gross receipts from that activity were determined to be $91,000. At trial, respondent conceded to a reduction of the gross receipts to $83,720, resulting in a reduction of the deficiency to $31,367, as well as a reduction in the secs. 6651(a)(1) and 6654 additions to tax. At trial, respondent further conceded the sec. 6651(a)(2) addition to tax, which also necessitates a recomputation of the sec. 6651(a)(1) addition to tax. The decision, therefore, will be entered under Rule 155.

[3]The parties agreed that petitioner earned wages of $54,869 during the year at issue from Lawyers Title Insurance Corp. on which there were income tax withholdings of $5,850. The parties further agreed that petitioner earned no income from real estate sales during the year at issue.

Some of the facts were stipulated or otherwise agreed to and, accordingly, are so found. The Court incorporates by reference a written stipulation of facts submitted by the parties at trial. At the time of trial, petitioner was a legal resident of Virginia.[4]

Based on the representations of the parties at trial, all adjustments in the notice of deficiency were settled. However, petitioner contended at trial that he was entitled to two dependency exemption deductions for his children. He presented no evidence to establish his entitlement to such deductions, such as, for example, the names and ages of the claimed dependents, whether he or his former spouse had custody of the children, the total support provided to the claimed dependents from all sources during the year at issue, and whether the support he provided constituted more than one-half of the support for each child. In addition, petitioner did not file a Federal income tax return for the year at issue.

Section 151(c) allows taxpayers an annual exemption amount for each "dependent" as defined in section 152. Under section

_____

[4]At the conclusion of the trial, petitioner was ordered to file an opening brief. Petitioner submitted an opening brief; however, the brief was not filed and was returned for copies as required by Rule 151(d). Respondent was ordered to file an answering brief, and a brief was submitted to the Court by respondent. That brief, however, was not filed and was returned because petitioner's brief was not filed. Petitioner has not resubmitted his brief.

152(a), the term "dependent" means certain individuals, such as a son, daughter, stepson, or stepdaughter, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) or (e) as received from the taxpayer)".

Section 152(e) provides a special support test in the case of divorced parents or parents who have never been married with respect to the dependency exemption deductions for such children. See King v. Commissioner, 121 T.C. 245, 250 (2003). Absent exceptions not applicable here, if both parents together provide over half of the support of a child, the parent having custody of the child for the greater portion of the taxable year is entitled to the dependency exemption for such child. Sec. 152(e)(1).

There are no facts that were presented to the Court upon which the Court could decide whether petitioner is entitled to the claimed dependency exemption deductions. On the record presented, the Court has no choice but to reject petitioner's claim to the claimed deductions.

In the notice of deficiency, respondent determined that petitioner was liable for the section 6651(a)(1) addition to tax for the failure to file a timely Federal income tax return for the year at issue. As noted above, petitioner did not file a Federal income tax return for 2003; yet, petitioner admittedly earned income that year. Petitioner did not establish that his

failure to file the return was due to reasonable cause and not due to willful negligence.  See <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).  The addition to tax under section 6651(a)(1) is, therefore, applicable, and respondent is sustained on that determination.

<u>Decision will be entered</u>

<u>under Rule 155.</u>