T.C. Memo. 2006-163


UNITED STATES TAX COURT


CHARLES F. SMITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9677-05.               Filed August 14, 2006.


Charles F. Smith, pro se.

<u>Michael D. Zima</u>, for respondent.


MEMORANDUM OPINION


WELLS, <u>Judge</u>:  Respondent determined a deficiency in income tax of $2,875 for petitioner's taxable year 2003.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The issues we must decide are:

1. Whether petitioner is entitled to a section 151 dependency exemption for his son for taxable year 2003;

2. whether petitioner is entitled to a section 21 child care credit for taxable year 2003;

3. whether petitioner is entitled to a section 24 child tax credit for taxable year 2003; and

4. whether petitioner is entitled to a section 32 earned income credit for taxable year 2003.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found as facts in the instant case. At the time of filing the petition, petitioner resided in Tallahassee, Florida.

In this opinion, our references to I.T.D.S. are to the biological son of petitioner and Rhonda Gibson (Ms. Gibson). Petitioner and Ms. Gibson were never married and did not live together during 2003. During the 2003 school year, I.T.D.S. lived with Ms. Gibson, her husband, and her other son at Ms. Gibson's home in Fort Valley, Georgia. Petitioner visited I.T.D.S. approximately two weekends per month and on holidays. During these visits, petitioner and I.T.D.S. stayed with

petitioner's mother in Fort Valley, Georgia,[1] rather than returning to petitioner's apartment in Tallahassee, Florida. For 12 weeks during the summer, I.T.D.S. lived with petitioner at petitioner's apartment in Tallahassee and spent approximately two weekends per month with Ms. Gibson at her home in Georgia.

During 2003, the State of Florida withheld $3,143.92 from petitioner's paychecks for child support payments to Ms. Gibson. The State of Florida continued to withhold child support payments during the 12 weeks of the summer when I.T.D.S. stayed with petitioner. During 2004 petitioner began a legitimization proceeding to support his claim for custody of I.T.D.S. in the event I.T.D.S. was ever removed from Ms. Gibson's home.

Petitioner and Ms. Gibson do not have an agreement regarding who may claim I.T.D.S. as a dependent, and both petitioner and Ms. Gibson claimed I.T.D.S. as a dependent and as a qualifying child for purposes of the earned income credit.[2] Petitioner also claimed a section 21 child care credit and a section 24 child tax credit on his 2003 tax return. Respondent determined that petitioner was not entitled to a dependency exemption, child care credit, child tax credit, and earned income credit and sent

[1]Ms. Gibson and petitioner's mother both resided in the town of Fort Valley, Georgia, during the year in issue.

[2]Petitioner did not attach to his a return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or similar written declaration signed by Ms. Gibson releasing her claim to the exemption.

petitioner a notice of deficiency on March 7, 2005.  Petitioner petitioned this Court.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct and the burden of proving an error is on the taxpayer.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  If a taxpayer introduces credible evidence with respect to a factual issue, then the burden of proof shifts to the Commissioner with respect to that issue.  Sec. 7491(a)(1).  Credible evidence means evidence that a court would find sufficient to base a decision upon if no contrary evidence were submitted and does not include implausible factual assertions or frivolous claims.  The evidence must be worthy of the Court's belief.  Higbee v. Commissioner, 116 T.C. 438, 442 (2001).

The burden of proof does not shift to the Commissioner if the taxpayer fails to comply with the substantiation and record-keeping requirements of the Internal Revenue Code.  Sec. 7491(a)(2)(A) and (B).

In the instant case, the only evidence petitioner offered to support his claim that he had custody of I.T.D.S. for over half of 2003 was his own vague, implausible, uncorroborated testimony.  Furthermore, petitioner did not produce any documents, receipts, or witnesses substantiating the amounts he allegedly paid to

support I.T.D.S. or for child care during 2003.  Accordingly, we hold that petitioner has failed to meet the requirements of section 7491(a)(1) and (2), and therefore the burden of proof remains on him to prove that he is entitled to the deductions and credits claimed on his return and disallowed in the notice of deficiency.

In general, a taxpayer is allowed an exemption for each dependent.  Sec. 151(c).  A dependent includes a son or daughter of the taxpayer over half of whose support for the calendar year was provided by the taxpayer.  Sec. 152(a)(1).  In the case of a child who receives over half of his support[3] during the calendar year from his parents, who are divorced or separated or who live apart during the last 6 months of the calendar year, the child is treated as receiving over half of his support from the parent having custody for the greater portion of the calendar year.  Sec. 152(e)(1).  The special support test in section 152(e)(1) applies to parents who were never married.  King v. Commissioner, 121 T.C. 245, 251 (2003).  The noncustodial parent may claim the child as a dependent if he files a Form 8332 or similar written declaration signed by the custodial parent stating that the custodial parent will not claim the child as a dependent.  Sec. 152(e)(2).

---

[3]We infer from the record that Ms. Gibson and petitioner provided over half of I.T.D.S.'s support during 2003 but note that I.T.D.S.'s grandmother may have provided some support.

Petitioner testified that I.T.D.S. lived with Ms. Gibson and her husband during the school year and lived with petitioner for 12 weeks during the summer. Petitioner visited I.T.D.S. approximately two weekends per month during the school year and on holidays, and I.T.D.S. returned to Ms. Gibson approximately two weekends per month during the summer. Petitioner did not give specific dates or maintain a log regarding when he had custody of I.T.D.S. and testified that he had "no formula" for how he calculated the number of days he had custody of I.T.D.S.[4] Petitioner's vague testimony is insufficient to meet his burden of proving that he had custody of I.T.D.S. for over half of 2003. See Caputi v. Commissioner, T.C. Memo. 2004-283. Even if petitioner did have custody of I.T.D.S. as often as he claimed, petitioner still did not have custody of I.T.D.S. for over half of 2003.[5] See, e.g., Allen v. Commissioner, T.C. Memo. 1992-623 (concluding that the taxpayer who had custody on occasional weekends and during the summer did not have custody for over half the year). Petitioner did not attach to his return a Form 8332

---

[4]Petitioner attached an appendix to his brief detailing the days he had custody of I.T.D.S. and claiming they totaled 186. Petitioner did not present this evidence at trial. Ex parte statements in briefs are not evidence and will not be addressed. Rule 143(b); Lombard v. Commissioner, T.C. Memo. 1994-154 n.3, affd. without published opinion 57 F.3d 1066 (4th Cir. 1995). Accordingly, we disregard this document in making our decision.

[5]According to respondent's calculations, petitioner had custody of I.T.D.S. for less than 156 days, well short of half of the calendar year.

or similar written declaration signed by Ms. Gibson, stating that she would not claim I.T.D.S. as a dependent. See sec. 152(e)(2). Accordingly, we hold that petitioner is not entitled to a section 151(c) dependency exemption for taxable year 2003.

We do not engage in a lengthy discussion of whether petitioner qualifies for the child care credit or the child tax credit pursuant to sections 21 and 24, respectively, because those sections require that the taxpayer show his entitlement to a dependency exemption pursuant to section 151. See secs. 21(b), 24(c). Furthermore, because the Court has found that I.T.D.S. did not have his principal place of abode with petitioner for more than half of the year, I.T.D.S. is not a qualifying child pursuant to section 32(c)(3)(A)(ii). As noted above, petitioner is not entitled to a dependency exemption under section 151. Accordingly, we hold that petitioner is not entitled to a child care credit, child tax credit, or earned income credit under sections 21, 24, and 32, respectively, for taxable year 2003.

We have considered all of the parties' contentions. To the extent not addressed herein, those contentions are without merit or unnecessary to reach.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.