T.C. Summary Opinion 2006-156


UNITED STATES TAX COURT


SANTIAGO L. GARCIA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10950-05S.          Filed September 25, 2006.


Santiago L. Garcia, pro se.

<u>Robert W. Dillard</u>, for respondent.


    COUVILLION, <u>Special Trial Judge</u>:  This case was heard

pursuant to section 7463 in effect when the petition was filed.

The decision to be entered in this case is not reviewable by any

other Court, and this opinion should not be cited as authority.[1]

---

[1]Unless otherwise indicated, section references hereafter
are to the Internal Revenue Code in effect for the year at issue.
Sec. 7491 in certain instances shifts the burden of proof to the
Commissioner where the taxpayer introduces credible evidence with
respect to any factual issue relevant to ascertaining the
                                        (continued...)

Respondent determined a deficiency of $3,228 in Federal income tax and an addition to tax under section 6651(a)(1) in the amount of $152 for petitioner's 2003 tax year.

The issues for decision are whether, for the year 2003, petitioner is entitled to or responsible for (1) a dependency exemption deduction for one child under section 151(c); (2) head-of-household filing status under section 2(b)(1); (3) the earned income credit under section 32(a); (4) the child and dependent care credit under section 21(a)(1); (5) the child tax credit under section 24(a); and (6) the liability for the late-filing addition to tax under section 6651(a)(1).

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and are made part hereof. Petitioner's legal residence at the time the petition was filed was Winter Park, Florida. For reasons of privacy, the dependent at issue in this case is not identified by name and is referred to as the "child".

---

[1](...continued)
liability of the taxpayer. However, the burden shifts to the Commissioner only if the taxpayer has complied with all requirements as to substantiation and has maintained the necessary books and records with respect to the factual issues. The burden does not shift to respondent in this case because petitioner maintained no books and records or any other factual evidence to establish his entitlement to the principal issue, his entitlement to a dependency exemption deduction. However, as to additions to tax, the burden of production is on respondent. Sec. 7491(c).

For the year 2003, petitioner filed a Federal income tax return, Form 1040A, U.S. Individual Income Tax Return.  He filed as a head-of-household and reported gross wage and salary income of $17,314.  He claimed one child as a dependent, the child care credit, the child tax credit, and the earned income credit.  In the notice of deficiency, respondent changed petitioner's filing status to single, disallowed the claimed dependency exemption, the child care credit, the additional child tax credit, and the earned income credit and determined the late filing addition to tax under section 6651(a)(1).

Petitioner is the father of one child, a boy, who was born on October 27, 1989.  Petitioner and the mother of the child never married, although they had lived together in the past for approximately 15 years.  During the year at issue, the child lived with his mother in the State of New York.  It is this child that petitioner claimed as a dependent on his 2003 Federal income tax return.  Respondent disallowed the claimed dependency exemption.

The Court first considers petitioner's entitlement to the dependency exemption.

Section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the

taxpayer during the taxable year in which such individuals are claimed as dependents.  However, section 152(e) provides a special support test in the case of parents who are divorced or legally separated or who lived apart at all times during the last 6 months of the year.  Section 152(e) applies to parents who were never married.  King v. Commissioner, 121 T.C. 245 (2003).

The support test in section 152(e)(1) applies if:  (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are divorced under a decree of divorce; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year.  If these requirements are satisfied, as in the present case, "such child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the 'custodial parent')", thus allowing the dependency exemption to be claimed by the "custodial parent".

Petitioner, as the "noncustodial parent", is allowed to claim a child as a dependent only if one of three statutory exceptions in section 152(e) is met.  Under these exceptions, the "noncustodial parent" is treated as providing over half of a child's support if:

(1) Pursuant to section 152(e)(2), the custodial parent signs a written declaration that such custodial parent will not claim such child as a dependent, and the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year;

(2) pursuant to section 152(e)(3), there is a multiple support agreement between the parties as provided in section 152(c); or

(3) pursuant to section 152(e)(4), there is a qualified pre-1985 instrument providing that the noncustodial parent shall be entitled to any deduction allowable under section 151 for such child, provided that certain other requisites, not pertinent here, are met.

None of the above requirements existed in this case. The custodial parent, the child's mother, did not sign a written declaration allowing petitioner to claim the dependency exemption deduction, there was no multiple support agreement between petitioner and the mother, and there was no pre-1985 instrument regarding the child. Although petitioner claims he provided $272 every 2 weeks for the support of the child, that factor alone is not determinative. Petitioner, therefore, is not entitled to the dependency exemption deduction.

The second issue is petitioner's entitlement to head-of-household filing status. With respect to this issue, section

2(b) provides generally that an individual shall be considered a head-of-household if, among other requisites not pertinent here, the taxpayer maintains as his home a household that constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of an unmarried son or stepson of the taxpayer.  Sec. 2(b)(1)(A)(i).  Petitioner's son did not live with petitioner; therefore, petitioner did not provide or maintain a home that was the principal place of abode for his son for more than one-half of the taxable year.  Thus, it follows that petitioner is not entitled to head-of-household filing status for the year 2003.  Respondent, therefore, is sustained on this issue.

The third issue is petitioner's claim to the earned income credit under section 32(a).

Section 32(a) provides for an earned income credit in the case of an eligible individual.  Section 32(c)(1)(A), in pertinent part, defines an "eligible individual" as an individual who has a qualifying child for the taxable year.  Sec. 32(c)(1)(A)(i).  A qualifying child is one who satisfies a relationship test, a residency test, an age test, and an identification requirement.  Sec. 32(c)(3).  To satisfy the residency test, the qualifying child must have the same principal place of abode as the taxpayer for more than one-half of the taxable year in which the credit is claimed.  Sec.

32(c)(3)(A)(ii).  As noted earlier, petitioner's son is not a qualifying child for purposes of section 32(a) because the child's principal place of abode for the entire year was with the child's mother in New York.  Respondent, therefore, is sustained on this issue.

The fourth issue is petitioner's claim to a child and dependent care credit.  Section 21(a) generally provides allowance for a credit against the tax to any individual who maintains a household that includes as a member one or more qualifying individuals.  The term "qualifying individual", under section 21(b), includes a dependent of the taxpayer under age 13, with respect to whom the taxpayer is entitled to a dependency deduction under section 151(c).  Petitioner is not entitled to the dependency exemption deduction for the child.  Further, the allowable credit, under section 21(b)(2), generally is based upon employment-related expenses that are incurred to enable the taxpayer to be gainfully employed, including expenses incurred for the care of a qualifying individual.  Other provisions and conditions of the credit are not pertinent here.  There is no showing that petitioner incurred expenses of the nature described.  The child lived in New York; consequently, petitioner had no basis upon which he had to pay expenses for the care of the child to enable petitioner to pursue gainful employment.

Respondent's disallowance of this credit, therefore, is sustained.

The fifth issue is the child tax credit under section 24(a). Petitioner is not entitled to that credit because the child with respect to whom the credit is claimed, under section 24(c), must be a child for whom the taxpayer is allowed a deduction under section 151 and who has not attained age 17. Petitioner is not entitled to the dependency exemption deduction under section 151 for the child. Petitioner's son, therefore, was not a qualifying child for the year at issue.

The final issue is the late filing addition to tax under section 6651(a)(1) with respect to petitioner's 2003 income tax return. At trial, respondent submitted into evidence a certificate of official record regarding petitioner's income tax return for 2003. The copy of petitioner's return for 2003, which is part of the official record, shows a date stamp as having been received on August 16, 2004. The attached copy of the return shows that the return was signed on April 27, 2004. Under section 6072(a), an income tax return on the basis of a calendar year shall be filed on or before the 15th day of April following the close of the calendar year. Petitioner's return for 2003, therefore, should have been filed on or before April 15, 2004. The return was received by the IRS several months later. More importantly, however, the return itself shows a signature date by

petitioner of April 27, 2004.  Respondent, therefore, sustained the burden of establishing that the return was not filed timely. Petitioner has the burden of proving that his failure to file timely was due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  Petitioner presented no evidence on the issue. The Court sustains respondent on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.