T.C. Summary Opinion 2006-180


UNITED STATES TAX COURT


JERRY JEFFERSON KIRKEBY AND YING WANG, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21371-05S.          Filed November 6, 2006.


Jerry Jefferson Kirkeby and Ying Wang, pro sese.

<u>Jonathan A. Neumann</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code.
Unless otherwise indicated, subsequent section references are to
the Internal Revenue Code as in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.  The decision to be entered is not reviewable by any
other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioners' Federal income tax of $1,058 for 2003.  The issues for decision are whether petitioners are entitled to claim:  (1) A dependency exemption deduction, and (2) a child tax credit.

## Background

The stipulation of facts and the exhibits received into evidence are incorporated herein by reference.  At the time the petition in this case was filed, petitioners resided in Santa Rosa, California.

Petitioner Ying Wang (Ms. Wang) and James Hammer (Mr. Hammer) are the biological parents of JJH.[1]  Ms. Wang and Mr. Hammer divorced around 1989, and Ms. Wang was awarded custody of JJH.  JJH has lived with Ms. Wang at all times since the divorce.

Petitioners filed a Form 1040, U.S. Individual Income Tax Return, for 2003, claiming for JJH a dependency exemption deduction and a child tax credit.  Respondent issued to petitioners a statutory notice of deficiency, determining that they are not entitled to claim JJH as a dependent because Ms. Wang executed a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, in favor of Mr. Hammer for 1988 and all years thereafter.

---

[1]The Court will refer to the minor child by her initials.

## Discussion

The Commissioner's determinations are presumed correct, and generally taxpayers bear the burden of proving otherwise.[2] Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933).

### Dependency Exemption

Section 151(c)(1) allows a taxpayer to claim an exemption deduction for each qualifying dependent. A child of the taxpayer is considered a "dependent" so long as the child has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins and more than half the child's support for the taxable year was received from the taxpayer. Secs. 151(c)(1)(B), 152(a)(1). The age limit is increased to 24 if the child is a student as defined by section 151(c)(4). Sec. 151(c)(1)(B).

In the case of a child whose parents are divorced or legally separated and together provide over half of the support for the child, section 152(e)(1) provides that the parent having custody for a greater portion of the calendar year (custodial parent) generally shall be treated as providing over half of the support for the child. A noncustodial parent may be treated as providing

---

[2]Petitioners have not raised the issue of sec. 7491(a), which shifts the burden of proof to the Commissioner in certain situations. This Court concludes that sec. 7491 does not apply because petitioners have not produced any evidence that establishes the preconditions for its application.

over half of the support if the requirements under section 152(e)(2) are satisfied.  Section 152(e)(2) provides:

> (2) Exception where custodial parent releases claim to exemption for the year.--A child * * * shall be treated as having received over half of his support during a calendar year from the noncustodial parent if --
>
> > (A) the custodial parent signs a written declaration (in such manner and form as the Secretary may by regulations prescribe) that such custodial parent will not claim such child as a dependent for any taxable year beginning in such calendar year, and
> >
> > (B) the noncustodial parent attaches such written declaration to the noncustodial parent's return for the taxable year beginning during such calendar year.

To release a claim to a dependency exemption deduction properly, the custodial parent must sign a written declaration with an express statement that such custodial parent will not claim that child as a dependent.  Sec. 152(e)(2); Miller v. Commissioner, 114 T.C. 184, 190-191 (2000); Bramante v. Commissioner, T.C. Memo. 2002-228.  A validly executed Form 8332 satisfies the written declaration requirement.  King v. Commissioner, 121 T.C. 245, 249 (2003); Brissett v. Commissioner, T.C. Memo. 2003-310.

It is not disputed that Ms. Wang was the custodial parent of JJH during 2003.  Respondent argues that petitioners are not entitled to claim JJH as a dependent because Ms. Wang executed a Form 8332 in favor of Mr. Hammer.  In the Form 8332, Ms. Wang

agreed not to claim an exemption for JJH for 1988 and "all future years".

Ms. Wang argues that the Form 8332 is not a valid release because it is "fraudulent", and she could not recall signing the form. Ms. Wang nevertheless admitted at trial that she recognized the signature on the Form 8332 as hers. Ms. Wang further argues that even if she had signed the Form 8332, Mr. Hammer took advantage of her minimal command of English and deceived her as to the legal consequences of signing the form. She noted that the Form 8332 contained several different handwritings and suggested an inference that the form was blank at the time she signed it, and the remaining information was filled in by Mr. Hammer at a later time.

The signature of the custodial parent confirms the custodial parent's intention to release the dependency exemption to the noncustodial parent and signifies an agreement not to claim the dependency exemption. Miller v. Commissioner, supra at 193.

By signing the form, Ms. Wang affirmatively consented to the release of the dependency exemption deduction for JJH to Mr. Hammer. Even if the Form 8332 contained different handwritings, without more, they fail to support one way or the other what Ms. Wang's intent was at the time she signed the form. Petitioners have the burden of proof, and they have failed to offer any other

evidence to show that Ms. Wang did not have the intent to release her right to claim JJH as a dependent.

Ms. Wang had a duty to make the appropriate inquiries before she signed the Form 8332 permanently releasing her claim to exemption deductions for JJH. See King v. Commissioner, supra at 253. The Court will not ignore the properly executed form. For section 152(e) to operate as intended by Congress, strict adherence to the requirements of section 152(e) must be observed. Miller v. Commissioner, supra at 196; Bramante v. Commissioner, supra; Cafarelli v. Commissioner, T.C. Memo. 1994-265.

Therefore, petitioners are not entitled to claim for 2003 a dependency exemption deduction for JJH under section 151.

Child Tax Credit

Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" is defined in section 24(c). A "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B). Sec. 24(c)(1).

Since petitioners are not allowed a deduction with respect to JJH as a dependent under section 151, JJH is not a qualifying

child.  In the absence of a qualifying child in 2003, petitioners are not entitled to claim a child tax credit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.