T.C. Summary Opinion 2006-192


UNITED STATES TAX COURT


TERRANCE LASHAWN AND CHRISTY SHIELDS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23815-05S.           Filed December 21, 2006.


Terrance LaShawn and Christy Shields, pro sese.

James H. Brunson III, for respondent.


WELLS, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  All subsequent section references are to the Internal Revenue Code in effect for the year in issue, and

all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in Federal income tax in the amount of $1,762 for petitioners' 2003 taxable year. The issue we must decide is whether petitioners may claim petitioner Terrance LaShawn Shields's son as a dependent and receive the additional child tax credit pursuant to section 24.

## Background

Some of the facts and certain exhibits have been stipulated. The parties' stipulations of fact are incorporated in this opinion by reference and are found as facts in the instant case. At the time of filing the petition in the instant case, petitioners resided in Eastman, Georgia.

In this opinion, our references to J.S. are to the biological son of petitioner Terrance LaShawn Shields and Aundrea B. Warner (Ms. Warner). By order dated April 30, 2003, the Superior Court of Bleckly County awarded primary physical custody of J.S. to Ms. Warner (custody order).

Petitioners timely filed their 2003 tax return, claiming deductions for four exemptions and a child tax credit in the amount of $1,200 for two children, including J.S. Respondent disallowed the dependency exemption deduction for J.S. and reduced the amount of the child tax credit from $1,200 for two

children to $200 for one child.  On December 5, 2005, respondent sent petitioners a notice of deficiency.

## Discussion

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving an error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In general, a taxpayer is allowed as a deduction an exemption for each dependent.  Sec. 151(c).  A dependent includes a son or daughter of the taxpayer over half of whose support for the calendar year was provided by the taxpayer.  Sec. 152(a)(1).  In the case of a child who receives over half of his support during the calendar year from his parents[1] who are divorced or separated or who live apart during the last 6 months of the calendar year, the child is treated as receiving over half of his support from the parent having custody for the greater portion of the calendar year.  Sec. 152(e)(1).  Despite the heading "Support Test in Case of Child of Divorced Parents, Etc.", section 152(e)

---

[1]We infer from the record that Ms. Warner and petitioner Terrance LaShawn Shields provided over half of J.S.'s support during 2003 but note that J.S.'s maternal grandmother may have provided some support.

applies regardless of whether the parents were married.[2] King v. Commissioner, 121 T.C. 245 (2003).

Custody is determined by the most recent divorce or custody decree. Sec. 1.152-4(b), Income Tax Regs. A noncustodial parent may be entitled to a dependency exemption deduction pursuant to section 151 if the noncustodial parent attaches to his tax return a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or similar written declaration, signed by the custodial parent, stating that the custodial parent will not claim the child as a dependent for the calendar year. Sec. 152(e)(2); Miller v. Commissioner, 114 T.C. 184 (2000). The custody order granted primary physical custody to Ms. Warner. Petitioners did not attach to their 2003 return a Form 8332 or similar written declaration by Ms. Warner stating that she would not claim the child as a dependent. Accordingly, we hold that petitioners are not entitled to a dependency exemption deduction for J.S. for taxable year 2003.

To qualify for the additional child tax credit, the taxpayer must show that he was entitled to a dependency exemption deduction for his child. See sec. 24(a), (c). As stated above, petitioners are not entitled to a dependency exemption deduction

---

[2]It is unclear from the record whether Ms. Warner and petitioner Terrance LaShawn Shields were previously married.

for J.S. for the taxable year in issue.  Accordingly, we hold petitioners are not entitled to the additional child tax credit for taxable year 2003.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent.</u>