T.C. Summary Opinion 2007-12

UNITED STATES TAX COURT

ISHMAEL TARIKH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11571-05S.          Filed January 18, 2007.

Ishmael Tarikh, pro se.

Catherine G. Chang, for respondent.

COUVILLION, Special Trial Judge:  This case was heard pursuant to section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $5,328 in petitioner's Federal income tax for the year 2003.

The issues for decision are whether petitioner is entitled to: (1) Dependency exemption deductions for three children under section 151; (2) head-of-household filing status under section 2(b); (3) an earned income credit under section 32(a); and (4) a child tax credit and an additional child tax credit under section 24.

Some of the facts have been stipulated and are so found. The stipulation of facts and the annexed exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Alameda, California.

During the year at issue, petitioner was director of a human rights project in San Francisco, California. The project provided lawyer referral services to indigent people and an advocacy service for victims of police misconduct and abuse. Petitioner has a degree in political science, a master's degree in Afro-American studies, and a juris doctor degree.

Petitioner is the father of three children who were born, respectively, in 1994, 1996, and 2000. Petitioner and the mother of the three children never married, and they did not live together during the year at issue. The children lived with petitioner for the first 7 months of 2003 (the year at issue) and lived with their mother for the remainder of the year. During

the 5 months the children lived with their mother during 2003, petitioner paid $300 to her for support of the children. Petitioner provided no other support to the children, nor did their mother provide any support to petitioner during the time the children were with him.

For the year at issue, 2003, petitioner and the children's mother both claimed the children as dependents on their respective Federal income tax returns.  Petitioner filed his 2003 return as a head-of-household under section 2(b)(1) and claimed the dependency exemption deductions for the three children, the earned income credit under section 32(a), and the child tax credit and the additional child tax credit under section 24.  In the notice of deficiency, respondent disallowed the dependency exemption deductions, petitioner's head-of-household filing status, the earned income credit, the child care credit, and the additional child care credit.

Deductions are a matter of legislative grace, and taxpayers must maintain adequate records to substantiate the amounts of any deductions or credits claimed.  Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); sec. 1.6001-1(a), Income Tax Regs.  Taxpayers generally bear the burden of proving that

the Commissioner's determination is incorrect.  Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933).[2]

The first issue is whether petitioner is entitled to the dependency exemption deductions for the three children for the year at issue.

Section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent, as defined in section 152. Under section 152(a), the term "dependent" means certain individuals over half of whose support was received from the taxpayer during the taxable year in which such individuals are claimed as dependents.  As relevant here, the term includes a son or daughter of the taxpayer.  Sec. 152(a)(1).

The basis upon which petitioner claims entitlement to the dependency exemption deductions is that the children lived with him for 7 months during the year, during which he was their sole source of support, and, for the 5 months in which the children lived with their mother, he paid the mother $300 to support the children.  Thus, petitioner claims that, from a practical standpoint, since the children were with him a greater portion of the year at issue, he, logically, provided more than half of the children's support that year.

---

[2]Under some circumstances, the burden of proof shifts to the Commissioner under sec. 7491.  That burden does not shift to respondent because petitioner failed to maintain records and comply with the requirements of substantiation as required by sec. 7491(a)(2).

Respondent has not challenged petitioner's contention that the children lived with him for 7 months during the year at issue. Section 152(e) provides a special support test in the case of divorced parents or parents who have never been married. See King v. Commissioner, 121 T.C. 245, 250 (2003). Under section 152(e), if both parents together provide over half of the support of a child, the parent having custody of the child for the greater portion of the taxable year is entitled to the dependency exemption for such child. The Court is satisfied that petitioner and the children's mother provided over half the support for their children during the year at issue. Because the children resided with petitioner for 7 months, he had custody of them for the greater portion of the year and, consequently, he satisfies the requirements of section 152(e). On the facts presented at trial, the Court holds that petitioner is entitled to the dependency exemption deductions for his three children.

The second issue is whether petitioner is entitled to head-of-household filing status for the year at issue.

Section 2(b) provides generally that an individual shall be considered a head-of-household if, among other requisites not pertinent here, such individual maintains as his home a household that constitutes for more than one-half of such taxable year the principal place of abode, as a member of such household, of an unmarried son or daughter of the taxpayer. Petitioner satisfies

that requisite; consequently, he qualifies for head-of-household filing status for the year at issue.  See sec. 2(b)(1)(A)(i).

The third issue is petitioner's claim to the earned income credit of $2,815 under section 32.

Section 32(a)(1) allows an eligible individual an earned income credit against the individual's income tax liability. Section 32(a)(2) limits the credit allowed, and section 32(b) prescribes different percentages and amounts used to calculate the credit based on whether the eligible individual has no qualifying children, one qualifying child, or two or more qualifying children.

To be eligible to claim an earned income credit with respect to a qualifying child, a taxpayer must establish, inter alia, that the child bears a relationship to the taxpayer prescribed by section 32(c)(3)(B), that the child meets the age requirements of section 32(c)(3)(C), and that the child shares the same principal place of abode as the taxpayer for more than one-half of the taxable year as prescribed by section 32(c)(3)(A)(ii).

In the pretrial memorandum respondent filed at the trial of this case, respondent argued:

> Generally, I.R.C. section 32(c)(3) defines four tests for "qualifying child" which pertain to 1) relationship, 2) age, 3) identification (taxpayer identification number) of the child and 4) and abode requirement.  On this issue Petitioner does not satisfy the abode requirement with respect to the residency of the claimed dependents during 2003.  In addition it has already been shown he failed to

demonstrate that he provided more than 50% of the overall household expenses in order to be entitled to the dependency exemption for any of his dependents. Since he did not fulfill the abode requirement relative to the dependency exemptions and since he is not entitled to claim a dependency exemption for any of the minor children, he is not entitled to the earned income credit.

Respondent's statement with respect to the abode requirement is in error because petitioner's unchallenged testimony at trial was that the children lived with him for 7 months during the year at issue. Under section 32(c)(1)(A)(ii), over 6 months of sharing a place of abode with the taxpayer is necessary to qualify for the earned income credit. Moreover, there is no support requirement under section 32, nor is it required that the taxpayer be entitled to the dependency exemption deductions for the children. In response to respondent's argument, quoted above, that petitioner failed to establish that he provided more than 50 percent of the overall household expenses relative to the claimed dependency exemption deductions, the flush language of section 2(b)(1) provides that an individual shall be considered as maintaining a household if over half the cost of maintaining the household during the taxable year is furnished by that individual, a requirement which petitioner satisfied. Petitioner, therefore, is sustained on this issue.

The next issue is petitioner's claim to the child tax credit and the additional child tax credit under section 24. In the notice of deficiency, respondent disallowed both credits.

Section 24(a) authorizes a child tax credit with respect to each "qualifying child" of the taxpayer. The term "qualifying child" is defined in section 24(c). As relevant to this case, a qualifying child means an individual with respect to whom the taxpayer is allowed a deduction under section 151. Sec. 24(c)(1)(A). Since petitioner is entitled to the dependency exemption deductions under section 151, it follows he is entitled to the child tax credit.

The child tax credit is a nonrefundable personal credit that was added to the Internal Revenue Code by the Taxpayer Relief Act of 1997, Pub. L. 105-34, sec. 101(a), 111 Stat. 796, with a provision for a refundable credit, the additional child tax credit, for families with three or more children. For taxable years beginning after December 31, 2000, the additional child tax credit provision was amended to remove the restriction that only families with three or more children are entitled to claim the credit. Sec. 24(d)(1); Economic Growth and Tax Relief Reconciliation Act of 2001, Pub. L. 107-16, sec. 201(c)(1), 115 Stat. 46.

In the absence of other nonrefundable personal credits, a taxpayer is allowed to claim a child tax credit in an amount that is the lesser of the full child tax credit or the taxpayer's Federal income tax liability for the taxable year. Sec. 26(a). If the child tax credit exceeds the taxpayer's Federal income tax

liability for the taxable year, a portion of the child tax credit may be refundable as an additional child tax credit under section 24(d)(1).  The refundable and nonrefundable portions of the child tax credit cannot exceed the total allowable amount of the credit.

Petitioner is entitled to the additional child tax credit because he qualified for a child tax credit.  Accordingly, petitioner's claim to this credit is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for petitioner</u>.