T.C. Summary Opinion 2007-209

UNITED STATES TAX COURT

ANTONIO O. NEAL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12998-05S.                    Filed December 13, 2007.

<u>Antonio O. Neal</u>, pro se.

<u>Frederic J. Fernandez</u> and <u>Mark Miller</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any
other court, and this opinion shall not be treated as precedent
for any other case.  Unless otherwise indicated, subsequent
section references are to the Internal Revenue Code in effect for

the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $2,598 in petitioner's 2003 Federal income tax and an accuracy-related penalty of $519.60 under section 6662. After concessions,[1] the issues for decision are: (1) Whether petitioner is entitled to dependency exemption deductions for his two minor children, (2) whether petitioner is entitled to head of household filing status, (3) whether petitioner is entitled to the earned income credit, (4) whether petitioner is entitled to the additional child tax credit, and (5) whether petitioner is liable for the accuracy-related penalty under section 6662.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by reference. At the time the petition was filed, petitioner resided in Kenosha, Wisconsin.

Petitioner is self-employed as a general contractor. Petitioner runs a small contracting business under the name "The Untouchables". Petitioner has two children: A.O.N. and A.V.N.[2]

---

[1] At trial, respondent conceded that there was no wage income of $2,430 or scholarship or grant income of $961 received by petitioner, as determined in the notice of deficiency. Respondent also conceded that petitioner was engaged in a trade or business and therefore, was entitled to a $15,000 loss reported on his Schedule C, Profit or Loss From Business.

[2] The Court uses initials when referring to minor children.

The mother of A.O.N. is Terry Clark (Ms. Clark). Ms. Clark resides in Elgin, Illinois. During the year in issue, A.O.N. was 14 years old. The mother of A.V.N. is Kathryn M. Janecky (Ms. Janecky). The record is silent with respect to Ms. Janecky's place of residence. During the year in issue, A.V.N. was 3 years old.

Petitioner married Tamera Neal (Ms. Neal) (a.k.a. Tamera Gudmundson,[3] a.k.a. Tamera Clare[4]) in 2001. Petitioner and Ms. Neal purchased a single-family home together in Zion, Illinois (the Zion residence), sometime in 2001. The couple lived together at the Zion residence from 2001 through the beginning of 2003 with Ms. Neal's four children. At some time in early 2003, petitioner's son, A.O.N., came to live with him.

On March 1, 2003, petitioner entered into a rental agreement between himself and Tamera Clare, lessor,[5] (a.k.a. Ms. Neal) for a month-to-month lease on an apartment located in Kenosha, Wisconsin[6] (the Kenosha apartment). The rental agreement specified that the monthly rent due for the unit--$650--would be

---

[3] Gudmundson is Ms. Neal's former name by marriage.

[4] Clare is Ms. Neal's maiden name.

[5] The record is silent as to when Ms. Neal became the lessor on this apartment.

[6] The Court takes judicial notice that the towns of Zion, Ill., and Kenosha, Wis., are located 10 miles apart from each other.

paid only to Ms. Neal.  From March 1, 2003, through the time of trial, Ms. Neal remained in the Zion residence with her children. Ms. Neal's four children and A.O.N. were enrolled in the Zion-Benton Township School District for the 2003-2004 school year.

On December 19, 2005, petitioner and Ms. Neal refinanced the Zion residence by executing a new mortgage on the property.  The December 19, 2005, mortgage was made between Bergin Financial, Inc., mortgagor, and "Antonio Neal and Tamera Gudmundson aka Tamera Neal, Husband and Wife," mortgagees.  The parties agree that petitioner and Ms. Neal were married throughout 2003, and as of the date of trial.

Custody and Care of A.O.N. and A.V.N.

The record is silent as to any formal custody arrangement between petitioner and Ms. Clark with respect to A.O.N.  A.O.N. has resided with petitioner since early 2003.  Petitioner receives no child support from Ms. Clark for A.O.N.

A.O.N. attended Zion-Benton Township High School so that he would be able to provide afterschool care to Ms. Neal's four children who were of elementary school age.

Petitioner provided all the financial support for A.O.N. during the taxable year in issue, including enrolling A.O.N. in numerous afterschool and weekend athletics programs at the YMCA.

With respect to A.V.N., the parties agree that Ms. Janecky was the custodial parent of the child during the year in issue.

Pursuant to a Stipulation and Order for Child Support (Order) entered by the Circuit Court of Racine County, Wisconsin, on November 10, 2000, Ms. Janecky was awarded primary custody, with petitioner receiving visitation with the child, "at all reasonable times upon prior notice to the mother." According to his arrangement with Ms. Janecky, petitioner had custody of A.V.N. every other weekend, and throughout the entire summer. The record is inconclusive, however, as to where A.V.N. stayed when the child visited petitioner during the year in issue.[7]

Petitioner provided financial support for A.V.N. when the child stayed with him, including providing summer vacations, trips, clothing, and food. Pursuant to the Order, petitioner was ordered to pay $26 per week in child support for A.V.N.

The Order also provided that petitioner would be entitled to claim a dependency exemption deduction for A.V.N. "every other year * * * following the date of this document". Petitioner claimed a dependency exemption deduction for A.V.N. in the year at issue, but he did not attach a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents,[8] to his 2003 Federal income tax return.

---

[7] Ms. Neal testified that A.V.N. stayed at the Zion residence, while petitioner indicated that the child was with him at the Kenosha apartment during visits.

[8] The record is silent as to whether petitioner and Ms. Janecky were ever married.

Filing of Petitioner's 2003 Federal Income Tax Return

Petitioner's Form 1040, U.S. Individual Income Tax Return, was prepared and electronically filed by H&R Block Tax Services located in Gurnee, Illinois. Petitioner filed his return as head of household and claimed two children as dependents, the earned income credit, and the additional child tax credit. In the notice of deficiency, respondent determined that petitioner's filing status was married filing separately and disallowed the two claimed dependency exemption deductions, the earned income credit, and the additional child tax credit. The tax return preparer prepared petitioner's return based on information that petitioner provided. Petitioner's 2003 return was filed on April 6, 2004.

## Discussion

In general, respondent's determinations as set forth in a notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that the burden of proof shall be upon the taxpayer. In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491 shifts the burden of proof to the Commissioner. Sec. 7491(a)(1); Rule 142(a)(2). Petitioner does not argue that section 7491 is applicable in this case, and he has not established that the

burden of proof should shift to respondent. Petitioner, therefore, bears the burden of proving that respondent's determinations in the notice of deficiency are erroneous. See Rule 142(a); Welch v. Helvering, supra at 115.

Dependency Exemption Deductions

Petitioner claimed dependency exemption deductions for A.O.N. and A.V.N. for taxable year 2003. Section 151 allows deductions for personal exemptions, including exemptions for dependents of the taxpayers. See sec. 151(c). Section 152(a) defines the term "dependent", in pertinent part, to include a son or daughter of the taxpayer over half of whose support for the calendar year was received from the taxpayer. The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. In determining whether an individual received more than half of his or her support from a taxpayer there shall be taken into account the amount of support received from the taxpayer as compared to the entire amount of support which the individual received from all sources. Id.

Section 152(e) provides a special support test for children of individuals who are no longer or were never married. See King v. Commissioner, 121 T.C. 245, 248-249 (2003). Simply put, section 152(e) provides that if a child receives over half of his or her support from his or her parents and is in the custody of

one or both of them for more than half of the calendar year, then the parent having custody of the child for a greater portion of the year at issue (the custodial parent) is entitled to claim the dependency exemption deduction for that child unless, as relevant here, the custodial parent has validly executed a written release of his or her right to claim the dependency exemption deduction.

With respect to A.O.N., we first note that respondent did not disallow the exemption claimed by petitioner because the child had also been claimed by another taxpayer. Rather, respondent disallowed the exemption claimed for A.O.N. on the grounds that petitioner had failed to substantiate that he supported A.O.N. and that A.O.N. resided with petitioner during the year in issue.

Based on the testimony and evidence provided, we are convinced that A.O.N. resided with petitioner for the majority of the 2003 taxable year. Our conclusion is buttressed by a letter from the Registrar of the Zion-Benton Township School District stating that A.O.N. was "in the custody of his father, Antonio Neal Sr., for the 2003-2004 school year". We also find petitioner's testimony that A.O.N. was enrolled at the YMCA throughout 2003 to be credible and convincing.

With respect to respondent's argument that A.O.N. could have stayed with his mother and still attended school in Zion, the Court takes notice that the towns of Elgin and Zion are located

more than 60 miles apart, thus making the possibility of a daily commute to and from school in excess of 2 hours highly improbable.  Accordingly, we find that A.O.N. resided with petitioner for the greater portion of the year in issue, and that petitioner is, therefore, entitled to the dependency exemption deduction pursuant to section 152(e)(1) with respect to A.O.N.

With respect to A.V.N., petitioner admits that he was not the custodial parent of her in 2003.  Moreover, although petitioner did provide support for A.V.N. during the year in issue of $26 per week, in addition to those incidental costs that he incurred in providing for the child's needs during visitation times, he did not either provide substantiation for these amounts or show the total amount of support provided to the child as required under section 152.  See sec. 1.152-1(a)(2)(i), Income Tax Regs.

With respect to petitioner's argument that he was unequivocally entitled to claim the dependency exemption deduction for A.V.N. based on the language in the aforementioned Order, the law is clear that State courts, by their decisions, cannot determine issues of Federal tax law.  See Commissioner v. Tower, 327 U.S. 280, 288 (1946).

Finally, petitioner did not attach a Form 8332 pertaining to A.V.N. to his 2003 return.  His argument that the H&R Block office that assisted him in the preparation of his 2003 return

was to blame for this error is both unconvincing and without merit.[9]  It is the taxpayer's duty, and not his return preparer's duty, to attach a valid Form 8332, or an equivalent written declaration, to the return at the time of filing; this failure prohibits the taxpayer from claiming a dependency exemption deduction for his or her minor child.  See Presley v. Commissioner, T.C. Memo. 1996-553.  Accordingly, we sustain respondent's determination with respect to petitioner's claimed dependency exemption deduction for A.V.N. only.

Head of Household Filing Status

Petitioner filed his 2003 return as head of household, and respondent determined that petitioner's filing status was married filing separately in the notice of deficiency.  Respondent's determination was made on the ground that petitioner had not sufficiently established that he was not married to Ms. Neal in 2003.

Section 1(b) imposes a special income tax rate on an individual filing as head of a household.  Section 2(b) provides the requirements for head of household filing status.  As relevant here, to qualify as a head of household, a taxpayer must (a) be unmarried at the end of the taxable year, (b) not be a surviving spouse, and (c) maintain as the taxpayer's home a

--------

[9] Petitioner testified that he was not aware of the Form 8332 requirement until the time of trial.

household that constitutes the principal place of abode of an unmarried son or daughter.  Sec. 2(b)(1).

Section 2(b)(1) clearly states that "an individual shall be considered a head of a household if, and only if, such individual is not married at the close of his taxable year".  Petitioner has the burden of proving that he was unmarried.  Rule 142(a).

The record is clear that petitioner was still married to Ms. Neal at the close of the taxable year 2003.  First, both petitioner and Ms. Neal testified that they were still married as of the date of trial.  Second, we are unconvinced from our review of the record before us that petitioner and Ms. Neal were separated and maintaining separate households during the year in issue.  See secs. 2(c), 7703(b).  Although the lease contained in the record specifies that all rents were to be paid to Ms. Neal, neither petitioner nor Ms. Neal produced any proof at trial that petitioner paid the rent on the Kenosha apartment.  Petitioner did not produce any evidence that he paid any costs associated with the maintenance of the Kenosha apartment, including garbage collection costs, cable television, or telephone service.[10]

When asked by the Court why petitioner did not bring any proof of his residence in 2003 to Court, petitioner replied that he only brought those documents listed in a letter provided to

---

[10] According to the lease, the rent for the unit covered all utilities.  Cable, television, telephone, and garbage collection costs were the responsibility of the lessee.

him by respondent, and that had he known that the Court would require proof of his residence in Kenosha, he would have brought those documents with him.

The burden of refuting respondent's determinations rests with petitioner. Rule 142(a)(1). It is not respondent's duty to ensure that petitioner is aware of the evidence that he or she may need to present before the Court. Further, petitioner received a Standing Pretrial Notice from the Court which informed petitioner to "organize" and "present all documents" at trial pertinent to his case. Petitioner was aware that both his marital status and place of residence in 2003 were at issue in this case.[11] It follows, therefore, that petitioner has not met his burden in refuting respondent's determination with respect to his marital status for 2003.

Accordingly, and based on the foregoing, we hold that petitioner is not entitled to head of household filing status for the taxable year 2003. Respondent's determination on this issue is sustained.

Earned Income Credit

As previously stated, petitioner claimed an earned income credit for 2003 with A.O.N. and A.V.N. as the qualifying

---

[11] As grounds for review, the petitioner lists on his petition to the Court that he "filed a true and complete tax return" and that he and his wife "were separated" and living apart during the year in issue.

children.  In the notice of deficiency, respondent disallowed the earned income credit in full.

Subject to certain limitations, an eligible individual is allowed a credit which is calculated as a percentage of the individual's earned income amount.  Sec. 32(a)(1).  One such limitation applies to married individuals.  Section 32(d) provides:  "In the case of an individual who is married (within the meaning of section 7703), this section shall apply only if a joint return is filed for the taxable year under section 6013."  Section 7703(a)(1) provides that "the determination of whether an individual is married shall be made as of the close of his taxable year" and that certain married individuals living apart shall not be considered as married.

The parties agree that petitioner was still married to Ms. Neal at the close of the taxable year 2003, and for reasons previously stated, the Court is not satisfied that petitioner was living apart from Ms. Neal in 2003.  Accordingly, since petitioner did not file a joint return for taxable year 2003, is still married to Ms. Neal, and cannot prove that he was separated from Ms. Neal in 2003, he is not entitled to an earned income credit for taxable year 2003.  Respondent's determination on this issue is sustained.

Additional Child Tax Credit

Petitioner claimed the additional child tax credit with respect to A.O.N. and A.V.N. for the taxable year 2003. Section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer. The term "qualifying child" is defined in section 24(c). A "qualifying child" means any individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year, and who bears a relationship to the taxpayer as prescribed by section 32(c)(3)(B). Sec. 24(c)(1).

For reasons previously discussed, petitioner is entitled to the dependency exemption deduction with respect to A.O.N. under section 151. Therefore, A.O.N. is petitioner's only qualifying child, and petitioner is entitled to a child tax credit with respect to A.O.N. only.

Section 6662 Penalty

The final issue is whether petitioner is liable for the accuracy-related penalty for the year 2003 under section 6662 for negligence, disregard of rules or regulations, or a substantial understatement of income tax. Sec. 7491(c) places upon the Commissioner the burden of production with respect to any penalty or addition to tax. Based on the record, we hold that respondent has satisfied the burden with respect to the

section 6662(a) accuracy-related penalty for the reasons discussed hereinafter.

Section 6662(a) applies to any portion of an underpayment of tax required to be shown on a return in an amount equal to 20 percent of the portion of the underpayment to which section 6662 applies. Section 6662(b)(1) provides that the penalty shall apply to any underpayment attributable to negligence or disregard of rules or regulations.

Section 6662(c) provides that the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws, and the term "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985).

Negligence frequently takes the form of overstated deductions. Alberico v. Commissioner, T.C. Memo. 1995-542. Overstatement of deductions can reflect the taxpayer's inability to maintain adequate records; this inadequacy alone may be grounds for imposing the penalty. Id. A taxpayer is required to maintain records sufficient to establish information provided on a tax return. Id. Failure to maintain records to substantiate claimed deductions is evidence, therefore, of taxpayer

negligence.

Petitioner filed his 2003 return as head of household and claimed dependency exemption deductions for two minor children, the earned income credit, and the additional child tax credit. As previously discussed, petitioner was entitled to claim a dependency exemption deduction for only one child, A.O.N., based on the evidence presented to the Court. Respondent's other determinations were sustained.

With respect to the sustained determinations, petitioner was responsible for complying with the provisions underlying the requirements for the claimed deductions and filing status, and to maintain records adequate to establish his entitlement thereto. Petitioner failed to do this.

Accordingly, and based on the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.