T.C. Memo. 2008-284

UNITED STATES TAX COURT

WAYNE K. BARRETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15601-06.                    Filed December 17, 2008.

Wayne K. Barrett, pro se.

<u>Edwina Jones</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $4,395 in petitioner's 2004 Federal income tax.  The issues to be decided are:  (1) Whether petitioner is entitled to section 151[1]

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code, as amended.

dependency exemption deductions for his minor children for taxable year 2004; and (2) whether petitioner is entitled to a section 24(a) child tax credit for taxable year 2004.

## Background

At the time of filing the petition, petitioner resided in North Carolina.

Petitioner timely filed his 2004 Federal income tax return and claimed dependency exemption deductions and the child tax credit with respect to his minor children:  R.K.B., J.O.B., and J.D.B. (hereinafter collectively the children).[2]

Petitioner did not live with any of the children at any time during 2004.  At all times during 2004 the children lived with their mother, Jill R. Kingdon (hereinafter Ms. Kingdon), who had sole legal custody.

Petitioner and Ms. Kingdon provided all of the children's support in 2004.

Petitioner and Ms. Kingdon did not live together at any time in 2004.

The record does not contain a written declaration, signed by Ms. Kingdon, stating that she will not claim the children, or any one of them, as dependents for the 2004 taxable year; no such declaration was attached to petitioner's 2004 tax return.

---

[2]The Court refers to minor children by their initials.  See Rule 27(a)(3).

## Discussion

### Dependency Exemptions

Section 151(c)(1) provides that an exemption is allowed for each dependent who is a child of the taxpayer, subject to age limitations not in issue here.  Section 152(a) defines dependent to include the son or daughter of a taxpayer over half of whose support was received from the taxpayer for the calendar year. There is a special rule where the parents of a child live apart for the last half of the year and one or both of the parents have custody of the child for more than half of the year.  See sec. 152(e)(1).  In that case, if the parents together provide over half of the child's support for the year, section 152(e) determines which parent is entitled to claim the child as a dependent.  Generally, the custodial parent (the parent having custody for a greater portion of the year) is treated as providing over half of the support for that child.[3]  Sec. 152(e)(1).  However, the noncustodial parent may claim the dependency exemption deduction if the custodial parent executes a written declaration releasing the custodial parent's claim to the deduction.  Sec. 152(e)(2).

Petitioner and Ms. Kingdon provided all of the support for the children in 2004.  At all times in 2004 Ms. Kindgon had sole

---

[3]This is true whether or not the parents have ever been married to one another.  King v. Commissioner, 121 T.C. 245, 251 (2003).

legal custody of the children and they lived with her, so she was the custodial parent. Ms. Kingdon never executed a written declaration releasing her right to claim the children as dependents for taxable year 2004. Accordingly, Ms. Kingdon is deemed to have provided over half of the children's support for the year. Therefore, petitioner is not entitled to dependency exemption deductions for the children for taxable year 2004.

Child Tax Credits

Subject to limitations based on adjusted gross income, a taxpayer is entitled to a child tax credit with regard to each qualifying child of the taxpayer. Sec. 24(a). A qualifying child for purposes of the child tax credit is a child: (a) For whom the taxpayer is entitled to a deduction for a dependency exemption under section 151; (b) who is under the age of 17; and (c) who bears a relationship to the taxpayer as set forth in section 32(c)(3)(B). Sec. 24(c). The age and relationship tests are not in dispute in the instant case. However, petitioner is not entitled to a dependency exemption deduction with regard to any of the children, so none of the children is a qualifying child for purposes of section 24(a). Consequently, petitioner is not entitled to a child tax credit for taxable year 2004.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.[4]

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[4]Petitioner's main argument seems to be that an error in his tax preparation software resulted in his underpayment of tax for 2004.  Obviously, that is not relevant to the question of whether petitioner owes the deficiency respondent determined for taxable year 2004.