T.C. Summary Opinion 2009-42

UNITED STATES TAX COURT

FRANK MICHAEL GIANNANTONIO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26425-06S.                Filed March 26, 2009.

Frank Michael Giannantonio, pro se.

<u>John M. Janusz</u> and Christopher Zera (student),
for respondent.

RUWE, <u>Judge</u>:  This case was heard pursuant to the provisions
of section 7463[1] of the Internal Revenue Code in effect when the
petition was filed.  Pursuant to section 7463(b), the decision to

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year at issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $2,250 deficiency in petitioner's 2004 Federal income tax. The issues for decision are: (1) Whether petitioner is entitled to a dependency exemption deduction for his daughter, HB;[2] (2) whether petitioner is entitled to the child tax credit; and (3) whether petitioner is entitled to head of household filing status.

## Background

Most of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in New York when the petition was filed.

Respondent sent a notice of deficiency to petitioner setting forth a deficiency of $2,250 in income tax for 2004. In the notice of deficiency respondent changed petitioner's filing status to single, disallowed petitioner's dependency exemption deduction for HB, and disallowed petitioner's claimed child tax credit.

HB is petitioner's daughter, and Jennifer Boettcher (Ms. Boettcher) is HB's mother. Petitioner and Ms. Boettcher have

---

[2] The Court refers to minor children by their initials. See Rule 27(a)(3).

never been married, and they lived apart at all times during the last 6 months of calendar year 2004.

HB was the only dependent petitioner claimed on his 2004 Federal income tax return. Ms. Boettcher, however, also claimed HB as a dependent on her 2004 Federal income tax return. Ms. Boettcher had custody of HB for the greater portion of 2004. Petitioner did not attach to his 2004 Federal income tax return a written declaration signed by Ms. Boettcher indicating that she would not claim HB as a dependent. Additionally, Ms. Boettcher testified at trial that she did not sign a written declaration stating that she would not claim HB as a dependent for 2004, and petitioner has not produced such a document nor alleged that it exists.

Both petitioner and Ms. Boettcher claim to have each provided more than half of HB's support during 2004. Petitioner approximated his expenses for caring for HB at $13,342.45 during 2004.

## Discussion

As a general rule, the Commissioner's determinations set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that these determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 6001 requires taxpayers to maintain records, statements, returns, and to comply with such rules and

regulations as prescribed by the Secretary.  Individual taxpayers are to keep permanent books and records sufficient to verify income, deductions, or other matters required to be shown on any informational or tax return.  Sec. 1.6001-1(a), Income Tax Regs.

Pursuant to section 7491(a), the burden of proof as to factual issues may shift to the Commissioner where the taxpayer introduces credible evidence and complies with substantiation requirements, maintains records, and cooperates fully with reasonable requests for witnesses, documents, and other information.  Petitioner has not met the requirements of section 7491(a) because he has neither met the substantiation requirements nor introduced credible evidence to support the deductions and credits at issue.

Dependency Exemption Deduction for 2004[3]

Section 151(c) generally allows a taxpayer to deduct an annual exemption amount for each dependent of the taxpayer.  In this regard, section 152(a) defines a "dependent" to include a daughter over half of whose support was received from the taxpayer.  See sec. 152(a)(1).  If a child receives over half of his support during the calendar year from parents who live apart at all times during the last 6 months of the calendar year and

---

[3] We note that the Working Families Tax Relief Act of 2004, Pub. L. 108-311, 118 Stat. 1166, amended, inter alia, secs. 151, 152, 24(c), and 2(b)(1)(A)(i) effective for tax years beginning after Dec. 31, 2004.  Thus, we apply the law as was applicable to tax year 2004; i.e., as it existed prior to such amendment.

such child is in the custody of one or both of the parents for more than one-half of the calendar year, then the "child shall be treated, for purposes of subsection(a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (hereinafter in this subsection referred to as the "custodial parent")." Sec. 152(e)(1).

If the requirements of section 152(e)(1) are met, the child is treated as having received over half of his support from the custodial parent, and the custodial parent is entitled to the dependency exemption deduction. The noncustodial parent can gain entitlement to the deduction if the custodial parent executes a valid written declaration under section 152(e)(2) releasing the claim to the deduction. King v. Commissioner, 121 T.C. 245, 249 (2003).

Petitioner does not contend that he is the custodial parent. In fact, in his petition, petitioner states: "I never believed that the custodial parent [Ms. Boettcher] would claim our daughter." Petitioner's contention is that the special support test in section 152(e) does not apply to parents who have never married, such as himself. For support, petitioner relies on an Office of Chief Counsel litigation guideline memorandum, which reflected the position that the special support test did not

apply to parents who have never married each other.  Chief

Counsel Advice 1999-49-033 (Dec. 10, 1999).

This Court previously addressed this argument in King v.

Commissioner, supra.  In King this Court acknowledged that the

Commissioner has at times taken inconsistent positions on this

matter, and the Court set out to resolve the issue by turning to

the statutory language of section 152(e)(1).  Id. at 249.  In

reference to section 152(e), we stated:

> The statute specifically provides that the test applies
> not only to divorced and certain separated parents, but
> to parents "who live apart at all times during the last
> 6 months of the calendar year".  There is no
> requirement in the statute that parents have married
> each other before the special support test can apply.
> Section 152(e)(1) applies to any parents, regardless of
> marital status, as long as they lived apart at all
> times for at least the last 6 months of the calendar
> year.  [Id. at 250.]

Although we found the language of section 152(e)(1) to be

unambiguous, we endeavored to explain further that the

legislative history of section 152(e) does not provide support

for deviating from the plain meaning of the statute.  Id. at 250-

251.  Indeed, after review of the legislative history of section

152(e), we further stated:

> Neither the House bill nor the conference report states
> that the amendment to section 152(e) was intended to
> apply only to married parents.  Indeed, applying
> section 152(e)(1)(A)(iii) to both married parents and
> parents who have never married each other is consistent
> with the stated purpose of resolving dependency
> disputes without the Commissioner's involvement in
> cases where parents both claim the dependency exemption
> deductions.  * * *  [Id. at 251.]

Moreover, we have applied section 152(e)(1) to parents who had never married each other in cases both before and after our holding in King. See Barrett v. Commissioner, T.C. Memo. 2008-284; Smith v. Commissioner, T.C. Memo. 2006-163; Hughes v. Commissioner, T.C. Memo. 2000-143; Brignac v. Commissioner, T.C. Memo. 1999-387. We decline petitioner's invitation to overrule this precedent, which we find is indistinguishable from the present case. Therefore, the special support test in section 152(e)(1) applies, and Ms. Boettcher is treated as having provided over half of HB's support for 2004. She will be entitled to the dependency exemption deduction unless, pursuant to section 152(e)(2), she released her claim to the exemption deduction for 2004.

Ms. Boettcher testified that she did not sign a written declaration agreeing not to claim HB as her dependent. Furthermore, petitioner has established neither that such a declaration was ever made nor that such a declaration was attached to either his 2004 or any prior Federal income tax return. See sec. 152(e)(2).

Because petitioner is not treated as the custodial parent under section 152(e)(1) and has not established that Ms. Boettcher executed a written declaration releasing her claim to the dependency exemption deduction under section 152(e)(2), it follows that HB is not treated as having received over half of

her support from petitioner. Thus, HB does not qualify as petitioner's dependent under section 152(a). The failure to establish HB as his dependent under section 152 precludes petitioner from claiming entitlement to the dependency exemption deduction under section 151(c). Accordingly, we sustain respondent's determination to disallow petitioner's claimed dependency exemption deduction for HB.

Child Tax Credit

Section 24(a) authorizes a tax credit with respect to each qualifying child of the taxpayer. For this purpose the term "qualifying child" means any individual if, inter alia, the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year. Sec. 24(c)(1).

We have already held that petitioner is not allowed a deduction with respect to HB as a dependent under section 151. Therefore, it follows that HB is not a qualifying child and petitioner does not qualify for the child tax credit. Accordingly, we sustain respondent's determination to disallow petitioner's claimed child tax credit for 2004.

Head of Household Filing Status

Section 1(b) imposes a special income tax rate on an individual filing as head of household. As applied in this context, section 2(b) defines a "head of a household" as an unmarried individual who maintains as his home a household which

constitutes for more than one-half of the taxable year the principal place of abode of, inter alios, a daughter of the taxpayer.

HB's principal place of abode was not petitioner's residence for more than one-half of the taxable year. Thus, it follows that petitioner is not entitled to head of household filing status. Accordingly, respondent's adjustment to petitioner's filing status is sustained.

We have considered all of the parties' contentions, and, to the extent not addressed herein, we conclude those contentions are either without merit or unnecessary to the resolution of the issues in this case.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.