T.C. Memo. 2010-70

UNITED STATES TAX COURT

INSEL V. GAITOR, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10561-08.            Filed April 8, 2010.

Insel V. Gaitor, Jr., pro se.

<u>Derek P. Richman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $3,510
in petitioner's Federal income tax for his 2006 tax year.  We
must decide the following issues:  (1) Whether petitioner is
entitled to dependency exemption deductions for two of his minor

children pursuant to section 151(c);[1] (2) whether petitioner is entitled to a child tax credit pursuant to section 24(a) for each of those children; and (3) whether petitioner is entitled to head-of-household filing status.

FINDINGS OF FACT

Some of the facts and certain exhibits have been stipulated. The stipulations of fact are incorporated in this opinion by reference and are found accordingly.

At the time the petition was filed, petitioner resided in Miami, Florida.

Petitioner is employed by the Florida State Courts.

Petitioner has four minor children, I.D.G.,[2] born in 1998, C.L.G., born in 1999, D.S.G., born in 2003, and R.A.G., born in 2006 (hereinafter collectively the children). Three of petitioner's children, I.D.G., C.L.G., and D.S.G., are from a previous relationship with Evelyn Casiano.[3] Petitioner's fourth child, R.A.G., is from his current relationship with Lecreshia

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]The Court refers to minor children by their initials. See Rule 27(a)(3).

[3]Petitioner and Ms. Casiano were never married.

Neal (Ms. Neal).  Petitioner was not married to Ms. Neal during his 2006 tax year.[4]

During his 2006 taxable year, the children lived with petitioner for most of the year.  Petitioner provided the children with food, clothing, and housing while making biweekly child support payments of $332 to Ms. Casiano.[5]

On his 2006 tax return petitioner claimed head-of-household filing status, dependency exemption deductions for I.D.G. and R.A.G., and child tax credits.[6]

On February 11, 2008, respondent sent petitioner a notice of deficiency that determined his filing status as single and disallowed his claimed dependency exemption deductions and child tax credits.  Petitioner timely filed a petition with this Court.

OPINION

Generally, the Commissioner's determinations in the statutory notice of deficiency are presumed correct.  See Rule

---

[4]Respondent did not dispute that petitioner was not married to Ms. Neal during his 2006 tax year.  Accordingly, we deem that matter conceded by respondent.

[5]Amounts are rounded to the nearest dollar.

[6]Petitioner disputes which of his children were claimed as dependents on his 2006 tax return.  The stipulated return lists petitioner's dependents as I.D.G. and C.L.G.  However, petitioner testified that he claimed I.D.G. and R.A.G. on his original return.  Petitioner signed the stipulation of facts on the condition that the stipulated return represented only his 2006 return that was on file with respondent, but not that it correctly represented the return that he actually filed with respondent.

142(a)(1); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).
Deductions are a matter of legislative grace, and taxpayers bear
the burden of proving that they are entitled to the deductions
claimed. See Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503
U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S.
435, 440 (1934).[7]

We first address petitioner's dependency exemption
deductions. Section 151(c) allows a taxpayer to deduct an annual
exemption amount for each dependent of the taxpayer. Section
152(a) defines dependent to include a "qualifying child" or a
"qualifying relative." Generally, a qualifying child is a child
of the taxpayer who has the same principal place of abode as the
taxpayer for more than one-half of the taxable year and meets an
age restriction and a self-support prohibition that are not at
issue here. Sec. 152(c).

There is a special rule in cases of divorced parents or
parents who live apart at all times during the last 6 months of
the calendar year and who provide over one-half of the child's
support during such calendar year. Sec. 152(e). In those
instances, the child may be treated as the qualifying child of
the noncustodial parent if the custodial parent signs a written
declaration waiving his or her right to claim the child and

---

[7]Petitioner has not raised any issue regarding sec. 7491(a),
and therefore it does not apply.

attaches the written declaration to the return.  Sec. 152(e)(1) and (2).[8]  The custodial parent is the parent who has custody of the child for the greater portion of the calendar year.  Sec. 152(e)(4)(A).

Petitioner and Ms. Casiano, who provided more than one-half of I.D.G.'s support for 2006, lived apart for the last 6 months of 2006.  Petitioner did not introduce an agreement that establishes legal custody of the children.  If neither a divorce decree nor an agreement establishes who has custody, then custody will be deemed to be with the parent who, as between both parents, has the physical custody of the children for the greater portion of the calendar year.  Sec. 1.152-4(b), Income Tax Regs.  Petitioner had physical custody of I.D.G. for more than one-half of 2006.  Accordingly, we hold that I.D.G. is a qualifying child of petitioner.  Moreover, petitioner did not waive the dependency exemption by attaching a written declaration to his return.  Consequently, petitioner is entitled to a dependency exemption deduction for I.D.G.

---

[8]Sec. 152(e) applies whether or not parents have ever been married to one another.  King v. Commissioner, 121 T.C. 245, 251 (2003).  Sec. 152(e), as interpreted in King, was amended by the Working Families Tax Relief Act of 2004 (WFTRA), Pub. L. 108-311, sec. 201, 118 Stat. 1169, and by the Gulf Opportunity Zone Act of 2005, Pub. L. 109-135, sec. 404, 119 Stat. 2632.  However, those amendments do not affect our holding in King that sec. 152(e) applies whether or not parents have ever been married because they do not alter the language being interpreted.

Following the birth of R.A.G. in December 2006, Ms. Neal and R.A.G. lived with petitioner and petitioner provided most of R.A.G.'s support for the remainder of 2006. The period preceding the birth of a child does not prevent such child from qualifying as a dependent. Sec. 1.152-1(b), Income Tax Regs.[9] Moreover, Ms. Neal did not claim R.A.G. as a dependent. Accordingly, R.A.G. is a qualifying child. Consequently, petitioner is entitled to a dependency exemption deduction for R.A.G.

We next address the child tax credit. Subject to limitations based on adjusted gross income, a taxpayer is entitled to a child tax credit with regard to each qualifying child of the taxpayer. Sec. 24(a). A qualifying child for purposes of the child tax credit is a child who is a qualifying child under section 152(c) and who is under the age of 17. Sec. 24(c). As we held above, petitioner is entitled to treat R.A.G. and I.D.G. as qualifying children for his 2006 tax year. Additionally, the age test is not in dispute. Accordingly, we hold that petitioner is entitled to child tax credits for R.A.G. and I.D.G. for his 2006 tax year.

We next address petitioner's filing status. Section 1(b) provides a special tax rate for an individual filing as a head of

---

[9]Sec. 1.152-1(b), Income Tax Regs., applies to a prior definition of dependent. This definition was amended by WFTRA sec. 201. However, the regulations were not amended and remain in effect. See, e.g., 2006 1040 Instructions 21.

household.  As relevant herein, section 2(b)(1) defines "a head of a household" as an unmarried individual who maintains as his home a household that for more than one-half of the year constitutes the principal place of abode of a qualifying child as defined in section 152(c), determined without regard to section 152(e).

The record shows that I.D.G. lived with petitioner for more than one-half of 2006.  As stated above, I.D.G. is petitioner's child, and I.D.G. meets age and self-support restrictions that are not in issue.  Additionally, petitioner is unmarried. Accordingly, we hold that petitioner is entitled to head-of-household filing status for his 2006 tax year.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, or moot.

To reflect the foregoing,

<u>Decision will be entered for petitioner</u>.