T.C. Summary Opinion 2011-65

UNITED STATES TAX COURT

KEVIN DEAN CHAFFEE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10847-09S.          Filed June 1, 2011.

Kevin Dean Chaffee, pro se.

<u>Rachael J. Zepeda</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,700 deficiency in petitioner's 2007 Federal income tax due solely to the disallowance of two dependency exemption deductions and related child tax credits.

## Background[2]

Petitioner resided in Arizona at the time his petition was filed. He had two children, GC and AC-A, and married GC's mother, Kimberly Ann Chaffee (Ms. Chaffee), on January 31, 2001.[3] Petitioner and Ms. Chaffee resided together with GC in 2007 until petitioner and Ms. Chaffee separated on August 24, 2007. When they separated, Ms. Chaffee took GC and moved into a separate residence. Petitioner and Ms. Chaffee divorced on June 12, 2008.

Petitioner shared custody of AC-A in 2007 with her mother, Mercedes Lopez (Ms. Lopez), pursuant to an order issued by the Superior Court of Arizona, Pima County. The order also stated that petitioner "shall be entitled to claim * * * [AC-A] as a dependent for federal and state income tax purposes for tax year 1997 and thereafter". Petitioner and Ms. Lopez were never married.

---

[2]The stipulation of facts and the attached exhibits are incorporated herein by this reference.

[3]The Court uses initials to refer to minor children. See Rule 27(a)(3).

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for 2007 as married filing separately.  He claimed dependency exemption deductions and child tax credits for GC and AC-A.  Petitioner did not attach a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to his return.  Ms. Chaffee and Ms. Lopez also claimed dependency exemption deductions for GC and AC-A, respectively, for 2007.

## Discussion

In general the Commissioner's determinations are presumed correct, and the taxpayers bear the burden of showing that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and taxpayers bear the burden of proving entitlement to any deduction or credit claimed on a return.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Wilson v. Commissioner, T.C. Memo. 2001-139.

I.  Dependency Exemptions

A.  GC

Section 151(c) allows a deduction for an exemption for each dependent.  As relevant here, a dependent must be a qualifying child that meets the relationship, residency, age, and support requirements of section 152(c).  Sec. 152(a)(1).  If both parents claim the same child as a qualifying child on separate Federal income tax returns, the child is treated as the qualifying child

of the parent with whom the child resided for the longer period during the year.  Sec. 152(c)(4)(B)(i).

Petitioner contends that he had equal custody of GC in 2007,[4] but he has not offered evidence sufficient to corroborate that assertion.  To the contrary, respondent provided a log kept by Ms. Chaffee which indicated that petitioner had custody for only 22 out of the 129 days after petitioner and Ms. Chaffee separated.  Although petitioner has shown that Ms. Chaffee's log failed to account for 3 days for which he had custody, he still falls far short of establishing that he had equal custody of GC in 2007.  He is thus not entitled to a dependency exemption deduction for GC.

B.  AC-A

For divorced parents, section 152(e)(1) and (2) provides that a child will be treated as a qualifying child of the noncustodial parent if the custodial parent signs a written declaration that she will not claim the child as a dependent and the noncustodial parent attaches that declaration to his tax return.  The declaration must be made either on Form 8332 or in a statement conforming to the substance of that form.  Miller v.

---

[4]Respondent concedes that GC is the qualifying child of both petitioner and Ms. Chaffee and that if petitioner and Ms. Chaffee had equal custody of GC, petitioner would be entitled to the dependency exemption deduction for GC because his adjusted gross income for 2007 was greater than Ms. Chaffee's.  See sec. 152(c)(4)(B)(ii).

Commissioner, 114 T.C. 184, 189 (2000); Neal v. Commissioner, T.C. Memo. 1999-97. Section 152(e)(1) also applies to parents who are not married. King v. Commissioner, 121 T.C. 245, 250 (2003).

Although petitioner and Ms. Lopez shared joint custody of AC-A, petitioner does not dispute that Ms. Lopez had primary, physical custody of AC-A and was therefore the custodial parent. Petitioner claims he did not attach a Form 8332 to his tax return because Ms. Lopez refused to sign one. Instead, he included a copy of the superior court's order with his tax return. Unfortunately, that order cannot be considered the equivalent of a Form 8332. See Miller v. Commissioner, supra; Neal v. Commissioner, supra. Petitioner is therefore not entitled to a dependency exemption deduction for AC-A.

II. Child Tax Credits

Section 24(a) provides for a "credit against the tax * * * for the taxable year with respect to each qualifying child of the taxpayer". Section 24(c)(1) defines the term "qualifying child" as "a qualifying child of the taxpayer (as defined in section 152(c)) who has not attained age 17." Because we have concluded that GC and AC-A are not qualifying children under section 152, they are also not qualifying children for purposes of section 24. We therefore hold that petitioner is not entitled to the claimed child tax credits.

To reflect the foregoing,

Decision will be entered

for respondent.